[No. 20245. In Bank.— July 12, 1887.]

IN THE MATTER OF HENRY I. KOWALSKY, ON HA-
BEAS CORPUS.

CRIMINAL LAW — LIBEL — PUBLICATION IN NEWSPAPER — SUFFICIENCY OF INDICTMENT — HABEAS CORPUS. — The petitioner was indicted by the grand jury of San Joaquin County for an alleged libel of one David S. Terry, a resident of that county. The indictment alleged in substance that on a specified date, at the county of San Joaquin, state of California, the defendant willfully and maliciously, and with intent to injure David S. Terry, a resident of such county, "caused to be printed and published, and expressed by printing in a certain newspaper called the Evening Post, printed in the city and county of San Francisco, and published and circulated in the county of San Joaquin, the following defamatory and libelous words of and concerning said Terry, to wit, that 'he [said Terry meaning] had attempted to assassinate Hopkins,' contrary to the force and effect of the statute," etc. Under this indictment the petitioner was arrested. *Held*, in a proceeding by *habeas corpus* to be discharged from the arrest, that the indictment was sufficient.

ID. — PLACE OF TRIAL — CONSTITUTIONAL LAW. — Section 9 of article 1 of the constitution, providing that all criminal prosecutions for libels published in newspapers shall be tried in the county where such newspapers have their publication office, or in the county where the party alleged to be libeled resided at the time of the alleged publication, is not limited to the cases of newspaper publishers and proprietors alone, but applies also to the case of a person who causes a libel to be published in a newspaper.

ID. — PLACE OF PUBLICATION — ERRONEOUS ALLEGATION OF. — The fact that the newspaper in which the libel is alleged to have been published had its publication office, and was published, in a place other than that laid in the indictment, cannot be taken advantage of in a proceeding by *habeas corpus* in bar of a prosecution in the county as laid in the indictment.

APPLICATION for a writ of *habeas corpus*. The facts are stated in the opinion of the court.

*W. H. L. Barnes, David McClure, Davis Louderback*, and *Henry I. Kowalsky, in pro. per.*, for Petitioner.

*W. E. Turner*, and *David S. Terry*, for Respondent.

SEARLS, C. J. — The petitioner was indicted by the grand jury of the county of San Joaquin for an alleged libel of David S. Terry, a resident of said county.

A warrant of arrest was issued under said indictment, by virtue of which petitioner was taken into custody by the sheriff, and he now sues out a writ of *habeas corpus*.

The petitioner claims that he is entitled to his discharge upon the ground that the indictment does not state facts constituting a crime, or showing the Superior Court of San Joaquin County to have jurisdiction of the alleged offense.

The *gravamen* of the charge, as contained in the indictment, is, that on or about the thirty-first day of July, 1885, at the county of San Joaquin, state of California, the defendant did willfully and maliciously, and with intent to injure David S. Terry, a resident, etc., " caused to be printed and published, and expressed by printing in a certain newspaper called the Evening Post, printed in the city and county of San Francisco, and . . . . pub-

lished and circulated in said county of San Joaquin, the following defamatory and libelous words of and concerning said Terry, to wit, that 'he [said Terry meaning] had attempted to assassinate Hopkins,' contrary to the force and effect of the statute," etc.

"A libel is a malicious defamation, expressed either by writing, printing, or by signs or pictures, or the like, tending to blacken the memory of one who is dead, or to impeach the honesty, integrity, virtue, or reputation . . . . of one who is alive, and thereby to expose him to public hatred, contempt, or ridicule." (Pen. Code, sec. 248.)

1. The inquiry upon *habeas corpus* may extend to the question whether the indictment charges any offense known to the law, for this goes to the jurisdiction which is always a proper subject of inquiry in a proceeding of this character. (*Ex parte Corryell*, 22 Cal. 178; *Ex parte Kearney*, 55 Cal. 212.)

2. Where an indictment has been found which, although defective, and subject to attack and overthrow upon a demurrer, yet if enough appears in such defective indictment to show that an offense has been committed, of which the court has jurisdiction, the party charged cannot be discharged under a writ of *habeas corpus*, but will be remitted to the court in which the indictment is pending for such proceedings as the law may warrant by way of defense. (*Ex parte Whitaker*, 43 Ala. 323.)

The writ of *habeas corpus* is not intended to review the regularity of the proceedings in any case, but rather to restore to his liberty the citizen who is imprisoned without color of law. (*Ex parte Prime*, 1 Barb. 340.)

We are of opinion the indictment contains such substantial statement of the facts constituting the alleged offense, that it cannot be said of it, that if they are all taken as true, no violation of the law has been commited by defendant.

The defects in the indictment (if any) are of such a character- that they can only be reached in the court where the indictment is pending, or by appeal therefrom.

It is further contended, however, that neither the grand jury of San Joaquin County, nor the Superior Court of such county, had nor has any jurisdiction of the person of defendant, or of the crime charged in said indictment.

Section 9 of article 1 of the constitution of the state provides that in all criminal prosecution for libels, "indictments found, or information laid, for publications in newspapers shall be tried in the county where such newspapers have their publication office, or in the county where the party alleged to be libeled resided at the time of the alleged publication, unless the place of trial shall be changed for good cause."

The contention of petitioner is, that this section of the constitution applies to the publishers of libels who alone can be tried elsewhere than in the county where the publication office of the newspaper is located; that petitioner is not charged with *publishing* a libel, but with having *caused* such libel to be printed and published.

The constitution is not limited to cases of *newspaper publishers and proprietors* alone, but applies to "indictments found, or information laid, for publications in newspapers." The term used is broad enough to include a person who *causes* a libel to be published in a newspaper equally with one who publishes it.

The constitution is aimed at a *class* of libels, viz., *those published in newspapers,* and any and all persons guilty of such libels are liable to be tried at the places specified in the constitution, without reference to the fact whether they are or are not editors or proprietors of the paper containing the libel.

Again, conceding the point well taken, according to the indictment, the Evening Post, in which the alleged libel was published, while it is shown to be printed in

the city and county of San Francisco, is and was *published* in the county of San Joaquin, and so far as appears in the indictment was not published elsewhere.

If, as we may suppose, the Evening Post has a publication office and is in fact published in San Francisco, the fact must be established by way of defense before petitioner can avail himself of it, in bar to a prosecution in San Joaquin County.

Townsend on Slander and Libel says, at section 115: "As respects a publication by writing, a libel, not only the publisher, but all who in any wise aid or are concerned in the publication of the writing are liable as publishers; the publication of the writing is the act of all concerned in the production of the writing.

"Thus, if one composes and dictates, a second writes, and a third publishes, all are liable as publishers, and each is liable as a publisher."

There is still another reason why the contention of petitioner cannot avail him.

Section 9 of article 1 of our constitution is a limitation upon the right to indict and punish for libel in any county of the state where the same may be published. (*Commonwealth* v. *Blanding*, 3 Pick. 304; Bishop on Criminal Procedure, sec. 69; 1 Archbold's Criminal Practice and Pleadings, p. 241, and note 1.)

It follows, therefore, that if the constitution only applies to the editor and proprietor of a newspaper, those not coming within that category are still liable to punishment as at common law wherever the paper containing the libel may be circulated.

We do not subscribe to this doctrine, but refer to it as a necessary consequence of assuming the position of petitioner to be correct.

The petition is denied, and petitioner remanded to the custody of the proper officer.

McFARLAND, J., McKINSTRY, J., THORNTON, J., and TEMPLE, J., concurred.