State v. Anaya

[No. 2657. Sept. 29, 1922.]

[Rehearing Denied Dec. 6, 1922.]

## STATE v. ANAYA

### SYLLABUS BY THE COURT

(1)   An indictment alleging that on a day certain the defendant, having been intrusted with a certain number of sheep of the property of a named person, embezzled and fraudulently converted the same to his own use states an offense under section 1613, Code 1915.          P. 284

(2)   Where a statute under which an indictment is drawn provides for no special circumstances to make the act an offense thereunder, an indictment thereunder is sufficient which omits such circumstances, the indictment being tested by the statute creating the offense.          P. 285

(3)   In a prosecution under section 1613, Code 1915, for embezzlement of animals, the value of the property embezzled need not be averred in the indictment, and, if averred, need not be proved.          P. 285

(4)   Where counsel fails to object to erroneous evidence until after it is given, he cannot complain of its admission here.          P. 286

(5)   Evidence as to conversion of wool **held** to be part of res gestae, and admissible.

(6)   Nonjurisdictional questions raised for the first time on appeal will not be considered.          P. 286

(7)   A partido contract construed, and **held** not to create relation of debtor and creditor between the parties.   P. 287

(8)   A sentence under section 1613, Code 1915, of one to two years' confinement and a fine of $1,000 is within the terms of the section under which the indictment was drawn.
          P. 287

Appeal from District Court, Valencia County; Ryan, Judge.

Jesus Anaya was convicted of embezzlement, and he appeals.   Affirmed.

A. A. Sedillo and Heacock & Grigsby, all of Albuquerque, for appellant.

Harry S. Bowman, Atty. Gen., and A. M. Edwards, Asst. Atty. Gen., for the State.

### OPINION OF THE COURT

PARKER, J.  The indictment charged that the appellant on a certain day, ''having been intrusted with 918 head of sheep'' of the property of Theodorita J. de Baca, of the value of $5,000, embezzled and fraudulently converted the same to his own use.  Several questions made by the appellant depend for solution upon what section of the statutes the indictment was drawn under, counsel for appellant contending that it was drawn under section 1543, Code 1915, and the Attorney General asserting it was drawn under section 1618.

[1]  Section 1543 provides, in substance, that any person intrusted with property subject to larceny, who embezzles or fraudulently converts the same, shall be deemed guilty of larceny.  This section was enacted in 1907, and is a general law on the subject of embezzlement.  It was intended to cover all cases not otherwise provided for by special laws on the subject.  Section 1618 provides that any person who receives sheep, etc., for the purpose of caring for or herding same, who converts the same to his own use, etc., shall be punished as for stealing sheep.  This section was enacted in 1882. It has specific reference to herders and caretakers. The evidence in this case would indicate that the indictment should have been drawn under that section.  Section 1613 provides that any person who shall steal, embezzle, or in any manner deprive the owner of the immediate possession of any sheep, etc., shall be punished by prison confinement for not less than one nor more than five years, and by fine  not  in  excess  of  $5,000 nor  less  than  $500.  The  punishment  has  since been changed to one to two years' imprisonment or fine of $500 to $5,000, or both, for the first offense and two to ten years' penitentiary confinement for subsequent offenses.  Chapter 50, Laws 1919.  A change in

the punishment, fixed by chapter 123, Laws 1921, is immaterial here.

An indictment under section 1618 must allege that the property was intrusted to the defendant for the purpose therein stated, in order to charge an offense. The purpose for which the property was intrusted is as essential under the statute as the fact that it ever was intrusted. Therefore the indictment not having alleged such purpose, it is fair to assume that it was not drawn under that section. The indictment is sufficient, however, under section 1613, because it alleges intrusting of property and its conversion, and therefore the trial court did not err in denying the motion of appellant to reject all evidence offered by the state made at the opening of the case, but not containing any specifications as to why the indictment was insufficient.

[2] It is contended that the indictment is insufficient in not alleging the circumstances under which the defendant received the property, citing 2 Wharton's Crim. Law (11th Ed.) § 1309, to the effect that the special conditions of particular statutes are to be expressed in the indictment. The argument would be well taken had the indictment been drawn under section 1618, but, having been drawn under section 1613, it has no application to the case. Embezzlement is a statutory offense, and the sufficiency of the indictment must be tested by the statute creating the offense. 20 C. J. 458. Proof that the property was intrusted and that it was fraudulently converted by the appellant were the essential issues to be alleged and proved. De Leon v. Territory, 9 Ariz. 161, 80 Pac. 350.

[3] The indictment alleged that the property embezzled was of the value of $5,000. Under the statute upon which this indictment was prediacted, value is not material. It need not be averred, and, if averred, need not be proved. State v. Lucero, 17 N. M. 484, 485, 121 Pac. 491; State v. Jaramillo, 25 N. M. 228, 180 Pac. 286.

[4, 5]   Theodorita J. de Baca testified that when she called for the wool that was to be delivered to her by the appellant under the partido contract the appellant refused to deliver it, saying, in effect, that he owned the wool because he owned the sheep from which the wool was taken. After that evidence had been admitted counsel for appellant asked to have the testimony concerning the wool stricken, because "the indictment charges here only the conversion of the sheep." Margarito Baca testified as to the delivery of the sheep to the appellant and the demand for wool under the contract, and appellant's denial of any right in Teodorita J. de Baca in said sheep. He also testified concerning a suit he brought against the appellant to attach some wool after the alleged breach of contract. No objection was interposed to such examination. The appellant contends such evidence was inadmissible because it tended to establish the commission of a crime for which he was not then being tried. There are two answers to the contention: First, the proposition was not raised until after the evidence had been admitted (State v. Alford, 26 N. M. 1, 187 Pac. 720) ; and, secondly, the evidence was of the res gestae, and part of the main transaction. State v. Riddle, 23 N. M. 600, 170 Pac. 62.

[6]   Counsel for appellant argues at some length that the partido contract involved in this case created the relation of debtor and creditor between the appellant and the prosecuting witness and the conclusion to be drawn from the argument is that the evidence is therefore insufficient to sustain a verdict of guilty of embezzlement, upon which charge the evidence must show a trust relation. Appellant quotes requested instructions 1 to 4, inclusive, and 8 as raising this proposition, but they make no mention of it. Nor was any such question ever prosecuted to the trial court, so far as we can ascertain from the record. Nonjurisdictional questions raised here for the first time will not

be considered by the court, a proposition too often decided to require citation of authority.

[7] A further and perhaps more satisfactory answer to the proposition is that the partido contract did not constitute the relation of debtor and creditor between the appellant and Teodorita J. de Baca. The contract provided that the animals delivered, together with their increase and the product thereof, should at all times and until the termination of the contract remain the property of Teodorito J. de Baca, and that appellant should have no right or authority to sell, transfer, mortgage, or otherwise dispose of the same without the written consent of the owner. The title to the animals, increase, and wool, therefore, did not pass to appellant, but remained in Teodorita J. de Baca, and hence no relation of debtor and creditor existed between them. Milliken v. Martinez, 22 N. M. 61, 159 Pac. 952; Encino State Bank v. Tenorio, 28 N. M. 65, 206 Pac. 698. The contract in the case at bar had not expired by limitation, so at the time of the alleged act of embezzlement the title to said animals and increase, including the wool, was in the prosecuting witness. It is therefore immaterial that like animals might have been returned to Teodorita J. de Baca at the expiration of the contract period.

[8] The court sentenced appellant to from one to two years' confinement in the state penitentiary and a fine of $1,000. The sentence is within the terms of section 1613, Code 1915, and not excessive.

For the reasons stated, the judgment will be affirmed; and it is so ordered.

RAYNOLDS, C. J., concurs.