EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RICARDO RODRIGUEZ, acusado y apelante.

No. 3534.—*Visto:* Junio 19, 1928. *Resuelto:* Julio 24, 1928.

*Felipe Colón Díaz,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Cualquier comunicación de un libelo a otra persona es una publicación del mismo. 36 C. J. 1223; 37 C. J. 141.

Una persona que distribuye hojas sueltas conteniendo materia libelosa, presuntivamente comunica su contenido a otras personas, y es culpable de publicar un libelo.

El apelante sostiene que no pudo haber malicia en este caso, toda vez que él no sabía leer ni escribir. En verdad, hubo prueba tendente a demostrar que tan pronto como el apelante descubrió la naturaleza de la publicación, destruyó las copias que le quedaban.

La malicia debe presumirse de la publicación misma. De lo contrario, los editores, los publicistas y otras personas más podrían eludir responsabilidades. 16 Cal. Jur. 166; *In re* Kowalsky, 73 Cal. 120; Commonwealth v. Snelling, 15 Mass. (Pick.) 337. Aquèl que no conozca el contenido de una hoja suelta debe cerciorarse de ello antes de distribuirla. Si la distribuye, aunque lo haga por ignorancia, comete un acto ilegal intencionalmente.

De acuerdo con el artículo 245 del Código Penal, se presumirá maliciosa toda publicación injuriosa si no se probare que hubo motivo justificable para hacerla.

La Corte de Distrito de Ponce probablemente tuvo en mente la situación del acusado al limitar la pena a $25 de de multa. Las imputaciones del libelo eran graves, y no vemos razón alguna para revocar la sentencia o intervenir en la discreción de la corte inferior al fijar la multa.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Texidor disintió.