## UNITED STATES v. KOLODNY.
### No. 303.

Circuit Court of Appeals, Second Circuit.

May 4, 1945.

Henry G. Singer, of Brooklyn, N. Y. (Harry Silver, of Brooklyn, N. Y., on the brief), for appellant.

T. Vincent Quinn, United States Attorney, of Brooklyn, N. Y. (Vine H. Smith and Herbert I. Sorin, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

The appellant is a licensed pharmacist who maintained a drugstore in Brooklyn.

He was convicted upon an indictment in two counts, one charging unlawful possession, the other unlawful sale, of distilled spirits in immediate containers on which were affixed no stamps "denoting the quantity of distilled spirits contained therein and evidencing payment of all internal revenue taxes imposed on such spirits", contrary to 26 U.S.C.A. Int.Rev.Code, § 2803 (a). On each count he was sentenced to a term of ten months, the sentences to run concurrently.

Each count of the indictment characterized the offense alleged therein as a violation of section 2803(a) of the Internal Revenue Code. The appellant argues that the evidence shows that he did not violate that section because the cylindrical cans (government's exhibit 2) containing the alcohol on which the charges of illegal possession and illegal sale were based, bore genuine, cancelled internal revenue tax stamps. Although admitting that there was testimony from which the jury could find that the contents of these cans on the date of the alleged offenses, May 6, 1944, was not what they originally contained when the stamps were affixed but was "bootleg" liquor with which he had refilled them, the appellant contends that such conduct may be contrary to other statutory provisions, such as section 2803(g), 2868 or 3323 of Title 26, but is not prohibited by section 2803(a). Hence, he asserts, his conviction should be reversed and the indictment dismissed.

 This contention is without merit. In the first place, it disregards the language of section 2803(a) which requires that the stamps affixed to the immediate container denote the quantity of distilled spirits "contained therein" and evidence payment of all internal revenue taxes imposed on "such spirits", that is, on the spirits actually in the container. The trial court rightly ruled that the indictment charged that on May 6, 1944, the contents of the cans consisted of alcohol on which no tax had been paid. This charge, if proven, as it was, constituted a violation of § 2803(a), even though the appellant's conduct might also have been charged as a violation of some other section of the Code. Moreover, since the conduct was concededly forbidden by some statute, the indictment would have been sufficient without specifying the particular statute under which it was drawn or even if it had specified the wrong statute. Williams v. United States, 168 U.S. 382,

389, 18 S.Ct. 92, 42 L.Ed. 509; United States v. Hutcheson, 312 U.S. 219, 229, 61 S.Ct. 463, 85 L.Ed. 788; Maresca v. United States, 2 Cir., 277 F. 727, 741, certiorari denied 257 U.S. 657, 42 S.Ct. 183, 66 L.Ed. 420; Johnson v. Biddle, 8 Cir., 12 F.2d 366, 369. The appellant's actual offenses, as the jury was clearly instructed, were possessing and selling alcohol on which no tax had been paid. The indictment gave full notice of these charges and upon them he was tried and found guilty.

 The contention that the appellant did not receive a fair trial is also without merit. Although the court took an active part in the examination of the appellant, the claim that the bounds of judicial propriety were overstepped is entirely unjustified. Nor do we find prejudicial error in the court's rulings during the cross-examination of witness Jedrey, or in the admission of Maple's opinion testimony, based on his analysis of samples, that the spirits in the containers on the date of the arrest were not the same as had originally been placed in the containers by Commercial Solvents Corporation. Indeed, this was established by the appellant's own admissions if the jury accepted the testimony of agents Miller and Horn. The final complaint relates to the charge in the course of which, after stating that it was important that traffic in illicit alcohol be broken up, the judge said:

"It is one of the legitimate efforts of the Government to try to stop that traffic and you are justified in assuming that the reason this case is in court is that the Government agencies were justified in believing that that kind of traffic was involved, so I say there is no question but that alcohol was in the premises of defendant and in these cans which have been marked Government's Exhibit 2."

He had already charged that there was no dispute (as was true) over the fact that alcohol was possessed in these cans; and that the issue for the jury's determination was whether the tax had been paid on that alcohol. Hence the quoted statement amounted to little, if any, more than a statement that the jury could assume that the indictment was procured in good faith. No exception was taken to the charge as given. Although we do not approve the form of the quoted statement we are satisfied that it does not constitute reversible error. The jury was instructed very plainly that the guilt or innocence of the defend-

ant was exclusively for their determination, that the Government must prove its case beyond a reasonable doubt, and that the defendant is presumed to be innocent from the outset of the case until the jury returns a verdict establishing his guilt. The verdict was well justified by the evidence. Judgment affirmed.