271 P.2d 1010

**SMITH v. ABRAM.**

No. 5791.

Supreme Court of New Mexico.

June 7, 1954.

Jason W. Kellahin, Santa Fe, for petitioner.

Richard H. Robinson, Atty. Gen., Walter R. Kegel, Fred M. Standley, Asst. Attys. Gen., for respondent.

LUJAN, Justice.

The question of the legality of the confinement of Ralph Smith in the state penitentiary at Santa Fe is submitted for our consideration on writ of habeas corpus issued out of this court, directed to Morris Abram, warden of the penitentiary, and his return to the writ.

The application for the writ shows that Smith was informed against on April 9, 1952, for embezzlement, alleged in the information as follows:

"Comes Now Max N. Edwards, Assistant District Attorney in and for the County of Lea, State of New Mexico, and accuses Ralph Smith of embezzlement of personal property in excess of $20.00 contrary to *Section 41–4519,* New Mexico Statutes, 1941, Annotated." (Emphasis ours.)

Chapter 33, Laws of 1949, being Section 41–4524 of 1941 Compilation, provides:

"Embezzlement—Penalty.—If any person who shall be entrusted with any property of another shall embezzle or fraudulently convert to his own use or shall secrete with intent to embezzle or fraudulently convert to his own use any such property, he shall be deemed guilty of embezzlement and if such property exceeds the value of fifty dollars, shall be punished by imprisonment in the state penitentiary for a period of not less than one year nor more than ten years, or be fined not to exceed one thousand dollars ($1,000.00) or both such fine and imprisonment in the discretion of the court. \* \* \*"

Petitioner asserts that he is illegally restrained of his liberty, as the information does not state facts sufficient to charge the crime of any public offense, and therefore the judgment rendered thereon is void. He points out three particulars in which he contends the information is fatally defective: (a) That said information fails to charge any crime whatever at the time and at the place said information was filed in that Section 41–4519, New Mexico Statutes. Annotated, 1941 Compilation, was repealed prior to the filing of said information, and.

the alleged act or acts complained of, by virtue of Chapter 33, Laws of New Mexico, 1949. (b) That the information filed against petitioner fails to charge any crime in that said information is vague, indefinite, and misleading, and petitioner was not fully and clearly advised of the charge against him, contrary to article 2, Section 14 of the Constitution of New Mexico. (c) That the petitioner was convicted, sentenced, is presently restrained of his liberty without due process of law, and has been denied the equal protection of the laws, contrary to Article 2, Section 18 of the Constitution of New Mexico.

In support of his contentions, counsel for Smith cites a number of New Mexico cases in which informations or indictments were held insufficient *on appeal;* but these cases are not controlling here, for the following reasons:

■ Proceedings on writ of habeas corpus are authorized for the purpose of testing the validity of commitments, in cases such as this, and are collateral attacks upon the judgments upon which the commitments are issued; they lie, therefore, only when the judgment attacked is absolutely void for the reason that the court rendering it was without jurisdiction to do so. 29 C.J. § 20, page 30; 39 C.J.S., Habeas Corpus, § 16. The writ is not supervisory in character and does not perform the function of an appeal. 29 C.J. § 19, page 25; 39 C.J.S., Habeas Corpus, § 17, page 457; nor is it available as a substitute for a demurrer or motion to quash the information. 39 C.J.S., Habeas Corpus, § 20.

■ ■ An information may therefore be sufficient to support a judgment collaterally attacked in such a proceeding as this, even though it would have been held insufficient on motion to quash, motion in arrest of judgment, or on appeal. Ex parte Bunkers, 1 Cal.App. 61, 81 P. 748; In re Myrtle, 2 Cal.App. 383, 84 P. 335; Ex parte Avdalas, 10 Cal.App. 507, 102 P. 674. In Ex parte Kowalsky, 73 Cal. 120, 14 P. 399, it is said:

"If enough appears in such defective indictment to show that an offense has been committed, of which the court has jurisdiction, the party charged cannot be discharged upon a writ of habeas corpus".

■ However, in order for a judgment to be proof against an attack by habeas corpus, the court which rendered it must have had jurisdiction of the person of the defendant and of the subject-matter, and, in addition thereto, must have had jurisdiction to render the particular judgment which it did pronounce, and the absence of either of these factors renders the judgment subject to collateral attack. Therefore, in such a proceeding as this, the information may be examined for the purpose of determining whether, upon any admissible theory, it states a public offense; and in doing

so the court will resolve every intendment of sufficiency and will not discharge the prisoner if the information does not fail entirely to charge a public offense.

It is apparent from the record that the court had jurisdiction of the person of the prisoner and of the subject-matter of the charge, and the sole remaining question for determination is as to whether the information states the crime of embezzlement with sufficient particularity under § 41–4524, supra.

§ 42–607 of 1941 Compilation, provides:

"Charging the offense.—(1) The indictment or information may charge, and is valid and sufficient if it charges, the offense for which the defendant is being prosecuted in one (1) or more of the following ways:

"(a) By using the name given to the offense by the common law *or by a statute.* (Emphasis ours.)

"(b) By stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense or in terms of substantially the same meaning, as is sufficient to give the court and the defendant notice of what offense is intended to be charged.

"(2) The indictment or information may refer to a section or sub-section of any statute creating the offense charged therein, and in determining the validity

or sufficiency of such indictment or information regard shall be had to such reference."

■ The above section was passed to simplify pleadings in criminal cases and to remove many technicalities formerly required in them. The various provisions of the section are permissive and directory and not mandatory. They do not direct what must be alleged in a pleading but indicate rather broadly the form a pleading may follow:

§ 42–613, provides:

"Means.—An indictment or information need contain no allegation of the means by which the offense was committed, unless such allegation is necessary to charge the offense under section 42–607."

It is clear that under subsection (1) (a) a charge of embezzlement was laid under § 41–4524, supra, had the incorrect section number not been inserted, for the information used the name given the offense by a statute.

Under Point 2, counsel urges that a recital of a repealed statute on the face of the information cannot be treated as surplusage. Obviously the contention is that since the information was purportedly drawn under § 41–4519, which statute was declared unconstitutional, State v. Prince, 52 N.M. 15, 189 P.2d 993, and subsequently repealed by Chapter 33, Session Laws of 1949, Sec-

tion 41–4524, supra, the judgment under that section was illegal and void.

█ In the Federal Courts, dealing with the same question, the rule is well established that if the acts charged in an indictment are sufficient to constitute an offense under any statute of the United States, a misreference, whether in the caption of the indictment or in the body thereof, to the statutes violated, does not render the indictment invalid. Biskind v. United States, 6 Cir., 281 F. 47, 28 A.L.R. 1377, certiorari denied 260 U.S. 731, 43 S.Ct. 93, 67 L.Ed. 486; Williams v. United States, 168 U.S. 382, 389, 18 S.Ct. 92, 42 L.Ed. 509; United States v. Nixon, 235 U.S. 231, 35 S.Ct. 49, 59 L.Ed. 207; United States v. Kolodny, 2 Cir., 149 F.2d 210; United States v. Griggs, D.C., 26 F.Supp. 912; United States v. Crittenden, D.C., 24 F.Supp. 84; United States v. Lucas, D.C., 6 F.2d 237; United States v. Austin-Bagley Corporation, 24 F. 2d 527; United States v. Hutcheson, 312 U.S. 219, 61 S.Ct. 463, 85 L.Ed. 788.

In Martin v. United States, 10 Cir., 99 F.2d 236, 238, the court speaking through Circuit Judge Bratton, a former Justice of this Court, said:

"* * * If reference to a statute is essential for the reason that the indictment does not make sense or is lacking in necessary allegations without it, an incorrect reference may be fatal. But where an offense is otherwise sufficiently charged, an incorrect reference to a statute does not render the indictment invalid. That doctrine applies where the mistaken reference occurs in the body of the indictment."

Under Point 1, counsel argues that the information does not charge an offense under Section 42–607 (1) (a), supra. He cites State v. Ferguson, 56 N.M. 398, 244 P.2d 783 and State v. Anderson, 40 N.M. 173, 56 P.2d 1134, as authority to support his contention. These cases are clearly distinguishable. In the former case the information attempted to charge the crime under § 41–2103 of 1941 Compilation. The title to that statute referred to an offense which was not a crime at common law, it reads as follows:

"Obtaining property with intent to cheat or defraud".

In the latter case the information attempted to charge the crime under § 4–102, Comp.St.1929. The title to that statute likewise referred to an offense which was not a crime at common law, it reads:

"Dogs, cats, fowls, etc., injuring or killing."

█ The distinction between those cases and the case at bar is this. In the former case there is no crime known to the law of "obtaining property (or money) by means of false representation" the crime is only in "obtaining property (or money) by means of false representation *with intent to cheat*

*or defraud."* In the latter case there is no crime known to the law of "injuring or killing dogs" the crime is only in *"wilfully and maliciously injuring or killing dogs."* Those are the statutory appellations of the offenses, and the only possible ones. There is, however, a statutory offense known as embezzlement charged in the case at bar, and there is no more necessity under § 42-607, supra, to set forth means or elements thereof in the information than there is to set forth the means and elements of the common law crime of murder in an indictment or information.

Section 42-638(d) provides that no indictment or information shall be invalid or insufficient because of any uncertainty therein if it charges an offense in accordance with § 42-607. In addition, paragraph (3) of this section provides for a bill of particulars, as follows:

"(3) If the court is of the opinion that the defect stated in subsection 1, clause (d) exists in any indictment or information it may order that a bill of particulars be filed in accordance with section 42-608."

It may be true that the pleader in drafting his information had before him and in his mind § 41-4519 in the preparation of the charge upon which the petitioner entered a plea of guilty, but it certainly does not follow, as a matter of law, that because thereof, the petitioner must be discharged.

Certainly if the information charges an offense against the laws of the state, under the provisions of § 41-4524, supra, the ineptitude of the pleader's diction would not operate to nullify the information.

We believe the information is sufficient under the decisions of State v. Konviser, 57 N.M. 418, 259 P.2d 785; State v. Shroyer, 49 N.M. 196, 160 P.2d 444; and State v. Roy, 40 N.M. 397, 60 P.2d 646, 110 A.L.R. 1. The record affirmatively shows that Smith was represented by Harvey C. Markley, Esq., a member of the bar of this state; that on July 8, 1952, he changed his plea of not guilty to a plea of guilty; that no appeal was taken and no objection was made to the information, judgment or sentence until January 19, 1953, at which time an application for a writ of habeas corpus was filed in the District Court of Santa Fe County, which was dismissed by the court. Smith was in no way misled as to the charge against him, and the misreference to the statute was not fatal to the information.

That a person may not be punished for a crime without a formal and sufficient accusation even if he voluntarily submits to the jurisdiction of the court cannot be questioned. Such is the undisputed law in all jurisdictions; but here as will be observed from reading § 14 of Article 2 of the Constitution requires the filing of a formal accusation, and admittedly such an accusation was filed in the present case. Peti-

411

tioner was not deprived of his liberty without due process of law nor was he denied the equal protection of law guaranteed him by Article 2, Section 18 of the Constitution.

It follows from what has been said that the petition for a writ of habeas corpus should be denied.

It is so ordered.

McGHEE, C. J., and COMPTON and SEYMOUR, JJ., concur.

SADLER, J., absent from state, did not participate.