327 P.2d 339

**B. J. ROEHM, Petitioner,**

v.

Theodore **WOODRUFF**, Warden of the New Mexico State Penitentiary, Respondent.

No. 6369.

Supreme Court of New Mexico.

July 8, 1958.

Santiago E. Campos, Santa Fe, for petitioner.

Fred M. Standley, Atty. Gen., Robert F. Pyatt, Asst. Atty. Gen., Alfred P. Whittaker, Asst. Atty. Gen., for respondent.

COMPTON, Justice.

This is an original proceeding in habeas corpus. Petitioner was charged by information with having committed "the crime of embezzlement or fraudulent conversion, contrary to Section 40–45–19, New Mexico Statutes 1953 Annotated, in that he did embezzle or fraudulently convert to his own use property belonging to W. E. Mathers." Upon his arraignment for the offense charged, he entered a plea of guilty and was thereupon sentenced to serve a term in the State Penitentiary of not less than one year nor more than ten years.

Petitioner asserts that the information is void for failure to allege the value of the property embezzled; and consequently that he was denied due process, contrary to Art. II, § 14, New Mexico Constitution. The contention requires a construction of the following statutory provisions:

"If any person who shall be entrusted with any property of another shall embezzle or fraudulently convert to his own use or shall secrete with intent to embezzle or fraudulently convert to his own use any such property, he shall be deemed guilty of embezzlement and if such property exceeds the value of fifty dollars ($50.00), shall be punished by imprisonment in the state penitentiary for a period of not less than one (1) year nor more than ten (10) years, or be fined not to exceed one thousand dollars ($1,000) or both such fine and imprisonment in the discretion of the court. Provided, that where the value of such property is less than fifty dollars ($50.00) he shall be deemed guilty of a misdemeanor and shall be punished by imprisonment in the county jail for a period of not less than thirty (30) days nor more than ninety (90) days, or by fine of not less than twenty-five dollars ($25.00) nor more than one hundred dollars ($100), or by both such fine and imprisonment." Section 40–45–19, 1953 Comp.

"An indictment or information need contain no allegation of the value or price of any property, unless such allegation is necessary to charge the offense under section 42–607 (41–6–7), and in such case it is sufficient to aver that the value or price of the property equals or exceeds the certain value or price which determines the offense. The facts which give the property such value need not be alleged." Section 41–6–14, 1953 Comp.

"(1) The indictment or information may charge, and is valid and sufficient

280

if it charges, the offense for which the defendant is being prosecuted in one (1) or more of the following ways:

"(a) By using the name given to the offense by the common law or by a statute.

"(b) By stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense or in terms of substantially the same meaning, as is sufficient to give the court and the defendant notice of what offense is intended to be charged.

"(2) The indictment or information may refer to a section or sub-section of any statute creating the offense charged therein, and in determining the validity or sufficiency of such indictment or information regard shall be had to such reference." Section 41-6-7, 1953 Comp.

 Petitioner does not correctly evaluate the office of habeas corpus. In habeas corpus proceeding the information or indictment under which a petitioner was sentenced is not open to review on grounds of deficiencies therein. Such proceeding is a collateral attack upon the judgment and the only question for decision is whether the trial court possessed jurisdiction of the parties, jurisdiction of the subject matter, and the power to impose the sentence. Ex part Kelley, 57 N.M. 161, 256 P.2d 211;

Smith v. Abram, 58 N.M. 404, 271 P.2d 1010, 1012.

 We readily conclude the trial court was vested with both jurisdiction and the power. Jurisdictional essentials were alleged, the entrustment of the property of another and its unlawful conversion, and the power to impose sentence therefor is expressly conferred by statute. Otherwise stated, jurisdiction does not depend upon the value of the property embezzled; value merely denotes the grade of the offense.

In Smith v. Abram, supra, we said:

"In support of his contentions, counsel for Smith cites a number of New Mexico cases in which informations or indictments were held insufficient on appeal; but these cases are not controlling here, for the following reasons:

"Proceedings on writ of habeas corpus are authorized for the purpose of testing the validity of commitments, in cases such as this, and are collateral attacks upon the judgments upon which the commitments are issued; they lie, therefore, only when the judgment attacked is absolutely void for the reason that the court rendering it was without jurisdiction to do so. 29 C.J. § 20, page 30; 39 C.J.S. Habeas Corpus § 16. The writ is not supervisory in character and does not perform the function of an appeal. 29 C.J. § 19,

page 25; 39 C.J.S. Habeas Corpus § 17, page 457; nor is it available as a substitute for a demurrer or motion to quash the information. 39 C.J.S. Habeas Corpus § 20.

"An information may therefore be sufficient to support a judgment collaterally attacked in such a proceeding as this, even though it would have been held insufficient on motion to quash, motion in arrest of judgment, or on appeal. Ex parte Bunkers, 1 Cal.App. 61, 81 P. 748; In re Myrtle, 2 Cal.App. 383, 84 P. 335; Ex parte Avdalas, 10 Cal.App. 507, 102 P. 674. In Ex parte Kowalsky, 73 Cal. 120, 14 P. 399, it is said:

" 'If enough appears in such defective indictment to show that an offense has been committed, of which the court has jurisdiction, the party charged cannot be discharged upon a writ of habeas corpus.' "

We do not mean to hold, however, that an information charging embezzlement should not allege value. Obviously § 41–6–14, supra, is not without purpose. Had the sufficiency of the information been raised on motion to quash, motion in arrest of judgment, or on appeal, a different conclusion might well be reached. Smith v. Abram, supra; Ex parte Kelley, supra; State v. Lucero, 17 N.M. 484, 131 P. 491; State v. Jaramillo, 25 N.M. 228, 180 P. 286; State v. Anaya, 28 N.M. 283, 210 P. 567;

State v. Overton, 193 Tenn. 171, 245 S.W.2d 188; Hogoboom v. State, 120 Neb. 525, 234 N.W. 422, 79 A.L.R. 1171; State v. Wilson, 150 La. 873, 91 So. 249.

█ It is generally held, and almost without exception, in habeas corpus that the form of an indictment or information is not open to review unless the petitioner has suffered prejudice from it. The cases on the subject are collected under Key Number 30(2), Habeas Corpus, Sixth Decennial Digest. From what transpired, it is obvious petitioner was not prejudiced by failure to allege value. We quote:

"The Court: Do you understand the nature of the charge?

"Defendant: Yes, sir.

"The Court: You understand, if you are found guilty or plead guilty, you may be confined in the penitentiary for this offense?

"Defendant: Yes, sir.

"The Court: How do you plead?

"Defendant: I plead guilty."

It is our conclusion that petitioner has been denied no right or privilege granted him under our constitution. The alternative writ should be discharged and it is so ordered.

LUJAN, C. J., and SADLER, McGHEE, and SHILLINGLAW, JJ., concur.