In the Matter of the Application of VERN BOLEY and O. D. CHARLESWORTH For a Writ of Habeas Corpus.

No. 4297

March 24, 1960                    350 P.2d 638

*Harry E. Claiborne,* of Las Vegas, for Petitioners.

*Roger Foley,* Attorney General, and *Roland W. Belanger*, District Attorney, Pershing County, for State of Nevada.

## OPINION

By the Court, PIKE, J.:

This is an original petition for a writ of habeas corpus. Petitioners, each serving a sentence in the Pershing County jail, after trial by the court, conviction and sentence, for a gross misdemeanor, and after dismissal of their appeal to this court, seek release from custody, each contending that the court issuing the commitment was without jurisdiction, as the information upon which each was adjudged guilty did not charge a public offense.

The information charged the petitioners herein, Boley and Charlesworth, with a violation of NRS 465.080, "* * * in that they did then and there use a cheating or thieving device to facilitate removing the contents of a 25 (¢) cent slot machine, which said slot machine was the property of * * *." Pertinent provisions of the criminal statute alleged to have been violated read as follows: "1. It shall be unlawful for any person * * * to use * * * any cheating or thieving device to facilitate removing from any slot machine, * * * any part of the contents thereof."

Each of the petitioners entered a plea of not guilty, but the contention that the information did not allege facts sufficient to charge a violation of the statute is raised for the first time by this petition.

Under statutes applicable to informations, the offense charged may be stated in plain, concise language and

140

in such manner as to enable a person of common understanding to know what is intended (NRS 173.090, 173.-210, and 173.310, subd. 6) ; and no information shall be deemed insufficient by reason of any defect in matters of form which shall not tend to the prejudice of the defendant (NRS 173.100, subd. 1). By statute it is also provided that the information need not strictly pursue the words used in a statute to define a public offense, but other words conveying the same meaning may be used. (NRS 173.300) Any defect or imperfection in the information as to form shall not affect the judgment thereon, unless it tends to prejudice a substantial right of the defendant. (NRS 173.320)

The attack by petitioners in this habeas corpus proceeding upon the sufficiency of the information constitutes a collateral attack upon the judgment upon which the commitments were issued. To be successfully maintained it must be shown that such judgment was void for the reason that the court which entered it was without jurisdiction to do so. The writ is not supervisory in character and does not perform the function of an appeal and cannot be used as a substitute for a demurrer or motion to quash the information. Ex Parte Breckenridge, 34 Nev. 275, 277, 118 P. 687; Roehm v. Woodruff, 64 N.M. 278, 327 P.2d 339, 340. Without in any way implying that the information here under consideration was insufficient in its allegations, we must recognize that, considering the nature of the collateral attack here being made, the test of its sufficiency differs from that which would apply on demurrer, motion to quash, motion in arrest of judgment or on appeal. (See Ex Parte Breckenridge, supra, and Roehm v. Woodruff, supra, citing California cases at p. 341, column 1.) Also, in this proceeding, the form of an information is not open to review unless the petitioner has suffered prejudice from it. NRS 173.320. Roehm v. Woodruff, supra, p. 341.

This court, in Ex Parte Moriarity, 44 Nev. 164, 172, 191 P. 360, a habeas corpus proceeding where it was

contended that the indictment did not charge a crime because it consisted of generalities and conclusions, approved the rule as stated by the Supreme Court of California in Ex Parte Ruef, 150 Cal. 665, 89 P. 605. There it was claimed that the indictments failed to state a public offense. It was pointed out in the Ruef case that, on habeas corpus, the inquiry into the sufficiency of an indictment is limited, and that "where the indictment purports or attempts to state an offense of a kind of which the court assuming to proceed has jurisdiction, the question whether the facts charged are sufficient to constitute an offense of that kind, will not be examined into on habeas corpus." In the present case the indictment unquestionably sought to charge a violation of a criminal statute, namely use of a cheating device, to facilitate removing part of the contents from a slot machine, which offense was a gross misdemeanor and within the jurisdiction of the district court. Ex Parte Breckenridge, supra; NRS 3.190, subd. 1(g), and NRS 4.370, subd. 3.

Here we do not find any showing of prejudice of a substantial right of either petitioner occasioned by reason of the form of the information, and under the authorities cited a further consideration of the asserted insufficiency of the information is not justified.

It is ordered that the writ be denied and these proceedings dismissed.

McNAMEE, C. J., and BADT, J., concur.