380 P.2d 199

Vincent **JOHNSON**, a/k/a Skippy
Kiwanucka, Petitioner,

v.

**Harold A. COX**, Warden of the State
Penitentiary of the State of New
Mexico, Respondent.

**No. 7059.**

Supreme Court of New Mexico.

March 27, 1963.

William B. Kelly, Santa Fe, for petitioner.

Earl E. Hartley, Atty. Gen., Santa Fe, for respondent.

COMPTON, Chief Justice.

This is an original proceeding in habeas corpus. Petitioner was tried and convicted in San Juan County of the crime of statutory rape. Immediately thereafter, on an information filed pursuant to § 41–16–1, N.M.S.A., 1953 Comp., charging him with a previous conviction of a like felony in another state, a judgment of conviction of petitioner as a habitual criminal was entered and sentence imposed of not less than 49½ nor more than 198 years in the state penitentiary. He is presently serving this sentence under an order of commitment which is directly attacked here.

■ This proceeding challenges the jurisdiction of the court (a) to enter the judgment convicting petitioner of statutory rape because of alleged fundamental error in the denial of due process and (b) to sentence petitioner as a habitual criminal because he was not represented by counsel at a hearing on the habitual criminal charge. It is well here to restate the office of writs of habeas corpus. Such writs are collateral attacks upon the judgments upon which commitments are issued and will lie only when the judgment attacked is absolutely void for the reason that the court rendering it was without jurisdiction to do so. Smith v. Abram, 58 N.M. 404, 271 P.2d 1010; Roehm v. Woodruff, 64 N.M. 278, 327 P.2d 339.

■■ In determining whether the deprivation of constitutional rights amounts to a denial of due process the inquiry on habeas corpus is directed to a review of the entire proceedings, and if the total result was the granting to accused of a fair and deliberate trial, then no constitutional right has been invaded, and the proceedings will not be disturbed. Brock v. Hudspeth, 10 Cir., 111 F.2d 447; Graham v. Squier, 9 Cir., 132 F.2d 681; Thompson v. Harris, 107 Utah 99, 152 P.2d 91. Thus, our function here is to determine whether on all the records before us petitioner is being unlawfully imprisoned as the result of a deprivation of his constitutional rights.

The fundamental error complained of is the admission into evidence petitioner's purported confession, and the testimony of the principal witness, subsequently recanted by her. The recantation of the witness, as well as additional testimony of petitioner, the prosecuting attorney, witnesses at the former trial, and others, is before this court in the form of a transcript of proceedings in a previous hearing on a writ of habeas corpus.

**58**

The substance of the testimony of the recanting witness is that the statement which she signed admitting petitioner's guilt was obtained through fear and intimidation of the police officers who interrogated her; that she signed the statement without reading it and that its contents, as well as her testimony given at the trial, with minor exceptions, were fabricated by those officers; and that the petitioner had never touched or molested her.

So, what we have before us is not a mere repudiation of former testimony or admission of perjury, but a charge that this testimony was deliberately falsified by those seeking unlawfully to obtain petitioner's conviction. In habeas corpus proceedings such as this the burden is on the petitioner to prove not only that the testimony admitted was false but that it was knowingly, wilfully and intentionally used by the prosecution to procure the conviction. Cobb v. Hunter, 167 F.2d 888 (10th Cir.); Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791; Alcorta v. State of Texas, 355 U.S. 28, 78 S.Ct. 103, 2 L.Ed.2d 9; Wagner v. Hunter, 161 F.2d 601 (10th Cir.); Tilghman v. Hunter, 167 F.2d 661 (10th Cir.). That burden has not been met here.

There is nothing in the records, except the testimony of the recanting witness herself, to indicate that her testimony at the trial was false, nor do we find any basis for her assertion that the story she told was fabricated for her by the interrogating police officers. On the contrary, a long and close relationship of petitioner and the witness was established. Her admission of the act came with no evidence of coercion or mistreatment. It is to be noted that in an appeal by petitioner from his conviction, State v. Johnson, 64 N.M. 83, 324 P.2d 781, this court affirmed the judgment of the lower court. We said there was substantial evidence and that the story of the prosecuting witness. was not inherently improbable as contended. And our review here of all the proceedings convinces us that her subsequent recantation falls far short of affirmatively showing that the witness committed perjury at the trial, or, in any event, that perjured testimony was wilfully and intentionally used by the prosecution.

Petitioner further claims that the recantation tends to prove that his signed confession, admitted into evidence over objection, was involuntarily obtained through fear and intimidation. This position is without merit. In determining whether there has been a denial of due process by the admission into evidence of a confession alleged to have been involuntarily obtained, we are not concerned with the motive of the petitioner in confession or whether the signed confession contained the truth, but only with whether the behavior of the law enforcement officers was such as to overbear petitioner's will to re-

sist and bring about a confession not freely determined. Rogers v. Richmond, 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760 (1961). See also specially concurring opinion in In re Harris, 56 Cal.2d 879, 16 Cal.Rptr. 889, 366 P.2d 305. There is here no evidence of a prolonged interrogation, physical violence or hardship or threats, denial of counsel, failure to be informed of his rights, delayed arraignment or any other circumstance to point to coercion or a denial of due process of law. The trial court heard all the evidence on the issue of voluntariness out of hearing of the jury and properly admitted the confession into evidence as having been voluntarily made.

From what has been said, we find nothing in our review pointing to a loss of jurisdiction by the trial court as the result of a denial of due process to petitioner which would render null and void the conviction of statutory rape.

Previous consideration by this court dealing with recantation of witnesses has been only in connection with the right of a convicted defendant to a new trial on the ground of newly discovered evidence. State v. Fuentes, 66 N.M. 52, 342 P.2d 1080 and 67 N.M. 31, 351 P.2d 209. In the first of these cases we remanded the cause in order that the defendant might file a motion for a new trial on the ground of newly discovered evidence. Obviously, it does not lend support to petitioner.

Further, in the second Fuentes case there was no evidence connecting the defendant with the crime except the testimony of the accomplice who recanted. That is not so here. Even disregarding the testimony of the principal witness there remains evidence of surrounding facts and circumstances, all supported by petitioner's voluntary confession.

We think that petitioner's claim that he was not represented by counsel has merit. This claim is supported by an affidavit of the court-appointed attorney who represented petitioner on the rape charge. The substance of the affidavit is that to the best of his knowledge his appointment did not include representing petitioner on the habitual criminal charge, nor did he appear as attorney for him on that charge. There is no proof to the contrary.

The respondent cites authority for the rule that a judgment and sentence may not be set aside because of a denial of the constitutional right to assistance of counsel unless a defendant is prejudiced thereby. The contention being that if the second felony conviction is valid, petitioner was not prejudiced by a failure to be represented by counsel at the habitual criminal proceedings since he admitted the previous felony at the trial on the rape charge. We cannot accept this reasoning. No lesser importance should be attached to the advice and assistance of counsel in formulating a

plea to a habitual criminal charge, made in a separate and distinct information, than in any other criminal proceeding. In no event would petitioner's testimony at the previous trial constitute a plea to an information charging him with being a habitual criminal.

The charge of being a habitual criminal is too serious, and the potential prejudice resulting from the absence of counsel having the legal skill to determine whether there had, in fact, been a previous conviction, is too great, to allow a conviction to stand when it appears a defendant has entered a plea without the assistance of counsel to which he is entitled, or without having effectively waived that right. A person proceeded against as a multiple-offender has a constitutional right to the assistance of counsel in that proceeding. Chandler v. Fretag, 348 U.S. 3, 75 S.Ct. 1, 99 L. Ed. 4; Reynolds v. Cochran, 365 U.S. 525, 81 S.Ct. 723, 5 L.Ed.2d 754; Chewning v. Cunningham, 368 U.S. 443, 82 S.Ct. 498, 7 L.Ed.2d 442; Fitzgerald v. Smyth, 194 Va. 681, 74 S.E.2d 810.

We conclude that the writ of habeas corpus should be denied insofar as it seeks petitioner's release for the crime of statutory rape. However, the sentence under which petitioner is detained is void for the reasons noted, and accordingly, cannot stand. Jordan v. Swope, 36 N.M. 84, 8 P.2d 788.

It is, therefore, ordered that the petitioner be taken before the District Court of San Juan County for resentencing on the charge of rape, and for such other and further proceedings as may be deemed necessary not inconsistent herewith.

It is so ordered.

CARMODY, CHAVEZ, NOBLE and MOISE, JJ., concur.