THE STATE OF NEVADA, EX REL. LESTER E. MORFORD, III, APPELLANT, v. JACK FOGLIANI, WARDEN, NEVADA STATE PENITENTIARY, CARSON CITY, ORMSBY COUNTY, NEVADA, RESPONDENT.

No. 4956

February 21, 1966                    411 P.2d 122

[Rehearing denied March 21, 1966]

*John Squire Drendel,* and *Stanley H. Brown,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, of Carson City, and *William J. Raggio,* District Attorney, Washoe County, of Reno, for Respondent.

80

## OPINION

By the Court, THOMPSON, J.:

This is an appeal from an order denying habeas corpus. Morford entered a plea of guilty to an open charge of murder. A three-judge court was appointed to hear evidence, determine degree, and impose sentence. NRS 200.030. Morford was adjudged guilty of first degree murder and sentenced to death. That judgment was affirmed on appeal. Morford v. State, 80 Nev. 438, 395 P.2d 861 (1964). Some of the questions raised by the instant proceeding were resolved by that appeal and we are not persuaded that they should be reconsidered. Nor shall we consider the petitioner's claim that the open charge of murder contained in the information does not authorize a finding of first degree murder. That claim comes too late, for it is not the function of post-conviction habeas to perform the office of demurrer,

motion to quash, or appeal. Ex parte Boley, 76 Nev. 138, 350 P.2d 638 (1960). We shall only consider his contention that the judgment and sentence is unconstitutional and void in that he was charged by information rather than by indictment, for the constitutional validity of a conviction may be tested by habeas corpus. Dean v. Fogliani, 81 Nev. 541, 407 P.2d 580 (1965); Garnick v. Miller, 81 Nev. 372, 403 P.2d 850 (1965).

The petitioner claims that the Fifth Amendment to the federal constitution requires prosecution for a capital offense to be by grand jury indictment, and that we should consider that part of the Fifth Amendment applicable to state murder prosecutions. The Supreme Court of the United States has ruled otherwise. Hurtado v. California, 110 U.S. 516, 4 S.Ct. 111, 292, 28 L.Ed. 232 (1884); Beck v. Washington, 369 U.S. 541, 82 S.Ct. 955, 8 L.Ed.2d 98 (1961). There is no federal constitutional impediment to dispensing entirely with the grand jury in state prosecutions. Beck v. Washington, supra. Though petitioner suggests otherwise, we find nothing in Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964), or Murphy v. New York Waterfront Commission, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed. 678 (1964), to intimate that the High Court is about to overturn Hurtado and Beck. The Malloy and Murphy opinions concern only a part of the Fifth Amendment—the privilege against self incrimination. Nor is Smith v. United States, 360 U.S. 1, 79 S.Ct. 991, 3 L.Ed.2d 1041 (1959), apposite, for it was a federal prosecution.

Affirmed.

BADT, J., and ZENOFF, D. J., concur.