539 P.2d 617

STATE of New Mexico, Plaintiff-Appellee,

v.

Jerry Allen MABREY, Defendant-Appellant.

No. 1823.

Court of Appeals of New Mexico.

Aug. 6, 1975.

Leo C. Kelly, Albuquerque, for defend-ant-appellant.

Toney Anaya, Atty. Gen., Jay F. Rosen-thal, Asst. Atty. Gen., Santa Fe, for plain-tiff-appellee.

## OPINION

WOOD, Chief Judge.

The question is whether defendant's conviction for intentional distribution of marijuana is barred on the basis of double jeopardy. He was convicted of violating § 54–11–22(A), N.M.S.A.1953 (Repl.Vol. 8, pt. 2, Supp.1973). He claims the conviction is barred by the double jeopardy provision of N.M.Const., Art. II, § 15 because he had been previously tried on a charge of violating § 54–11–20(A), N.M.S.A.1953 (Repl.Vol. 8, pt. 2, Supp.1973).

It is not disputed that two prosecutions have occurred; it is not disputed that both prosecutions were based on the same sale of marijuana. Defendant contends that whether the "same evidence" or "same transaction" test is applied, he has twice been placed in jeopardy. See *State v. Tanton*, 88 N.M. 5, 536 P.2d 269 (Ct.App. 1975), presently before the Supreme Court on Writ of Certiorari granted June 2, 1975.

The State agrees with defendant's conclusion of double jeopardy. It agrees that the two prosecutions were based on the same incident. The State's concession seems to be based on the view that defendant was placed in jeopardy in the first trial because that trial terminated after a jury was empaneled and sworn, and testimony was taken.

We agree that the State's approach is the correct one and that the question is whether defendant was placed in jeopardy in the first proceeding. If placed in jeopardy in that first proceeding, we would then have to consider on what basis the

first proceeding was terminated. There was no jury verdict in the first proceeding; the · trial court granted defendant's motion to dismiss for failure to prove a violation of § 54–11–20, supra. Only after considering the basis for termination of the first proceeding would we reach defendant's "same evidence" and "same transaction" arguments.

Although we agree with the State's approach, we do not agree with the State's conclusion. Defendant was not placed in jeopardy in the first proceeding. Two separate lines of New Mexico decisions support this result. Before discussing those decisions, it is pertinent to point out what was charged in each of the prosecutions.

In the first prosecution defendant was charged with .intentionally trafficking in marijuana in violation of § 54–11–20, supra. The applicable portion of the statute was § 54–11–20(A)(2), supra, which defines "traffic" to mean the "distribution, sale, barter or giving away any controlled substance enumerated in Schedules I or II which is a narcotic drug". Marijuana is a Schedule I controlled substance. Section 54–11–6(C)(10), N.M.S.A.1953 (Repl.Vol. 8, pt. 2, Supp.1973). Defendant sold marijuana. However, the controlled substance sold must have been a narcotic drug. "Narcotic drug" is defined in terms of opium, opiates, coca leaves and their salts, compounds, isomers, derivatives and chemical equivalents. "Marijuana" is defined separately, Section 54–11–2, N.M.S.A.1953 (Repl.Vol. 8, pt. 2, Supp.1973), paragraphs (O) and (P). Schedule I does not list marijuana with opiates or opium derivatives; marijuana is listed with the hallucinogenic substances. Compare paragraphs (A), (B) and (C) of § 54–11–6, supra. Marijuana is not a narcotic drug under the above statutes.

Because marijuana is not a narcotic drug under the above statutes, § 54–11–20(A)(2), supra, does not make it a criminal offense to sell marijuana. The statute which does not make defendant's sale a criminal offense was the statute under

which he was charged and convicted in the second proceeding, § 54–11–22(A), supra.

Because § 54–11–20, supra, does not make it a crime to sell marijuana, the charge in the first proceeding did not charge defendant with a public offense. One line of New Mexico decisions holds that where a defendant is not charged with a public offense, proceedings after a plea to that non-charge does not place a defendant in jeopardy. *State v. Ferguson,* 56 N. M. 398, 244 P.2d 783 (1952); *State v. Ardovino,* 55 N.M. 161, 228 P.2d 947 (1951); *State v. Valdez,* 51 N.M. 393, 185 P.2d 977 (1947).

 A person may not be punished for a crime without a sufficient charge even if he voluntarily submits himself to the jurisdiction of the court. *Smith v. Abram,* 58 N.M. 404, 271 P.2d 1010 (1954). If there is no proper charge against a defendant, the court lacks jurisdiction. *State v. Chacon,* 62 N.M. 291, 309 P.2d 230 (1957). The jurisdiction lacking is jurisdiction over a cause. Compare *Smith v. Abram,* supra. Because there was no proper charge, the court lacked jurisdiction in the first proceeding. A second line of New Mexico decisions holds that if jurisdiction was lacking in the first proceeding, there is no basis for a claim of double jeopardy. *Trujillo v. State,* 79 N.M. 618, 447 P.2d 279 (1968); *State v. Paris,* 76 N. M. 291, 414 P.2d 512 (1966); *State v. Goodson,* 54 N.M. 184, 217 P.2d 262 (1950).

 Each line of New Mexico decisions "protects the societal interest in trying people accused of a crime, rather than granting them immunization because of legal error at a previous trial . . . ." *United States v. Ewell,* 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966). On the authority of those decisions, we hold that defendant was not placed in jeopardy in the first proceeding and there is no basis for the claim of double jeopardy. *Alexan-*

*der v. Delgado,* 84 N.M. 717, 507 P.2d 778 (1973).

The authority of the New Mexico decisions, in our opinion, has not been weakened by certain decisions of the United States Supreme Court. Those decisions hold the prohibition against double jeopardy bars a retrial after an acquittal under a defective charge. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); *Kepner v. United States,* 195 U.S. 100, 24 S.Ct. 797, 49 L.Ed. 114 (1904); *United States v. Ball,* 163 U.S. 662, 16 S. Ct. 1192, 41 L.Ed. 300 (1896); compare dissenting opinion in *Duncan v. Tennessee,* 405 U.S. 127, 92 S.Ct. 785, 31 L.Ed.2d 86 (1972). The difference, in our opinion, is between a charge that is sufficient to support a conviction, although defective, and a charge so deficient that there could not be a legal conviction. See *State v. Davis,* 61 N.J.Super. 536, 161 A.2d 552 (1960). Here, the first proceeding was under an information that did not state a public offense and was so defective that a legal conviction could not result. Compare *Smith v. Abram,* supra, and *Ex parte Williams,* 58 N.M. 37, 265 P.2d 359 (1954).

In *Illinois v. Somerville,* 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973) the indictment contained a defect which could not be cured by amendment. Because of this defect a mistrial was declared. Defendant was reindicted, tried and convicted. The opinion holds that the trial court did not err in declaring a mistrial and conviction at a subsequent trial was not barred by double jeopardy. In this case, the information in the first proceeding could not have been amended because Rule of Criminal Procedure 7(a) prohibits amendments which charge an additional or different offense. Since no offense had been charged, an amendment to charge an offense would necessarily have been an additional offense. Compare *State v. Padilla,* 86 N.M. 282, 523 P.2d 17 (Ct.App.1974). Because no offense was charged in the first proceeding its termination was consistent

with the mistrial in *Somerville*. Defendant's trial and conviction under a proper charge was not double jeopardy.

Oral argument is unnecessary. The judgment and sentence are affirmed.

HENDLEY and HERNANDEZ, JJ., concur.