(91 South. 249)

Nos. 25079–25081.

STATE v. WILSON (three cases).

(Feb. 27, 1922.)

*(Syllabus by Editorial Staff.)*

1. False pretenses ⚫═32—Indictment for obtaining money under false pretense held insufficient in failing to state amount obtained.

An indictment for obtaining money by false pretenses, which failed to charge defendant with having obtained any amount whatever, but merely charged him with having obtained by false pretenses "certain money," *held* invalid, notwithstanding Rev. St. § 1063, providing that no indictment shall be held insufficient for want of statement of value or price, and of section 1064, relating to objections to indictments.

2. Indictment and information ⚫═159(2)—Indictment held not subject to amendment by district attorney as to amount of money obtained by false pretenses.

An indictment for obtaining money by false pretenses, invalid as failing to state the amount obtained by a grand jury, was not subject to amendment by the district attorney; the amendment being material and involving the grade of the offense.

3. Embezzlement ⚫═29—Indictment insufficient where amount taken not charged.

An indictment for embezzlement, which fails to charge what amount of money was embezzled, is insufficient, in view of Act 165 of 1918, p. 317, grading the crime of embezzlement.

4. Indictment and information ⚫═185—To justify conviction of larceny under embezzlement indictment, amount taken must be fixed.

While Rev. St. § 1056, authorizes a conviction of larceny under an indictment for embezzlement where justified by the evidence, the amount taken must be fixed in the indictment to determine the degree of the crime; it being necessary to charge every essential ingredient of the offense.

Appeal from Eleventh Judicial District Court, Parish of Natchitoches; Jas. W. Jones, Jr., Judge.

W. W. Wilson was indicted under two separate indictments for obtaining money under false pretenses and under an other indictment for embezzlement. From judgments in each case quashing the indictments, the State appeals. Affirmed.

A. V. Coco, Atty. Gen., S. R. Thomas, Dist. Atty., of Coushatta, and W. T. Cunningham, of Natchitoches, for the State.

J. O. Gunter, of Natchitoches, for appellee.

By the WHOLE COURT.

DAWKINS, J. The first two of these cases involve appeals by the state from judgments quashing indictments for obtaining money by false pretenses; while the third

is an appeal from the quashing of an indictment for embezzlement.

The first two indictments charge in identical language (except as to the amount) that—

Accused "did willfully, knowingly and maliciously and feloniously, designedly, fraudulently, unlawfully and falsely pretend to the Texas & Pacific Railway Company, a corporation organized and chartered under the laws of the United States, and of which J. L. Lancaster is receiver, that the hands and employés of said railway company employed and working on extra gang No. 18 of said railway company, were indebted unto him, said W. W. Wilson in the sum of $175 as board of said hands and employés covering a period of two weeks, when in truth and in fact the said hands and employés on said extra gang were not indebted unto him in any sum whatever for board which he, the said Wilson, then and there well knew, and by means of which he, the said W. W. Wilson did then and there unlawfully, knowingly, designedly and fraudulently obtain from the Texas & Pacific Railway Company the sum of —— dollars, all of which was done with the willful and felonious intent, then and there to cheat, wrong and defraud the said Texas & Pacific Railway Company of the same, etc."

The motions to quash were upon the ground that the indictments charge no offense against accused. After the motions were argued and submitted, but before decision, counsel for the state offered to amend by setting out the amounts of money obtained; but, on objection, the same was refused by the trial judge and the indictments were quashed.

The first question we are to decide is the correctness of the ruling denying the amendment. Section 1063 of the Revised Statutes provides:

"No indictment for any offense shall be held insufficient for want of the averment of any matter unnecessary to be proved, nor for the omission of the words 'as appears by the record,' or of the words 'with force and arms,' nor for the insertion of the words 'against the form of the statute,' instead of 'against the form of the statutes,' or vice versa; nor for that any person mentioned in the indictment is designated by a name of office or other descriptive appellation, instead of his proper name, nor for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense, nor for stating the time imperfectly, nor for stating the offense to have been committed on a day subsequent to the finding of the indictment, or on an impossible day, or on a day that never happened, nor for want of a proper or perfect venue; nor for want of or imperfection in the addition of any defendant, nor for want of the statement of the value or price of any matter or thing, or the amount of damages, injury or spoil in any case where the value or price or the amount of damage, injury or spoil is not of the essence of the offense."

Section 1064 also reads:

"Every objection to any indictment for any formal defect apparent on the face thereof, shall be taken by demurrer or motion to quash such indictment, before the jury shall be sworn, and not afterwards; and every court before which any such objection shall be taken for any formal defect, may, if it be thought necessary, cause the indictment to be forthwith amended in such particular, and thereupon the trial shall proceed as if no such defect had appeared."

[1, 2] As the indictment stood the accused was not charged with having received, by false pretenses, any sum whatever; yet it was necessary that he be charged with obtaining some amount, or something of value, otherwise a motion in arrest of judgment would have had to be sustained for the reason that it charged no crime. The bill attempted to say that the accused had obtained by false pretenses certain money, but, in fact, it did not charge him with obtaining one penny. Being an indictment returned by a grand jury, the district attorney could not amend it, for the reason that the amendment was material. He could not say what amount the grand jury intended to charge. The amount was important because the punishment was greater or less, depending upon the sum obtained. The offense of obtaining by false pretenses is graded by statute, so that if the amount were less than $20, it was a misdemeanor triable by the judge with certain punishment not to exceed imprisonment in the parish jail,

and carried a still smaller penalty if less than $5; while if more than $20 was obtained the offense was a possible felony, entitling the accused to trial by a jury of five, with punishment either at hard labor or otherwise. Act No. 107 of 1902.

For these reasons we think the situation is not saved by the provisions of the Revised Statute above quoted, and that the indictments in the first two cases, Nos. 25079 and 25080, were bad and could not be amended and were properly quashed by the lower court.

### Embezzlement.

[3, 4] The reasons given above why the indictments for obtaining by false pretenses were insufficient are equally applicable to the charge of embezzlement. Act 165 of 1918, p. 317, grades embezzlement also. Section 1056 of the Revised Statutes authorizes a conviction of larceny under an indictment for embezzlement, where the evidence justifies it; and inasmuch as larceny is also graded in the same act and in the same manner above pointed out for obtaining money or property by false pretenses, it was necessary to fix the amount to determine the degree of the crime, which was to be tried, just as if the charge had been larceny alone. In other words, every essential ingredient of the offense must be charged. Wharton's Crim. Law (11th Ed.) vol. 2, p. 1653, § 1488.

For the reasons assigned the judgments appealed from are affirmed.

O'NIELL, J., concurs in the result and hands down a separate opinion.

O'NIELL, J. (concurring in the result). I do not concur in the majority opinion that, because the statement of the amount of money alleged to have been embezzled or obtained by false pretense was a material allegation, therefore the judge could not have ordered the indictments amended in that respect. The opinion or ruling of the majority of the members of the court is that the judge had no discretion in the matter of ordering the indictments amended, but was compelled to quash them. Sections 1063 and 1064 of the Revised Statutes gave the district judge discretionary power to order the indictments amended if he deemed the amendment necessary. That means, of course, if the amendments were essential to the validity of the indictments. If the defect or omission proposed to be corrected or supplied by an amendment had not been material, the judge would not have been required to order the indictments amended. But the judge should not, as a general rule, quash an indictment, in preference to ordering it amended, merely because the indictment, being for embezzlement or for obtaining money by false pretenses, does not state the amount of money alleged to have been embezzled or obtained by false pretenses.

Under the peculiar circumstances of this case, however, the judge exercised his discretion wisely, in sustaining the motion to quash the indictments, rather than to order the indictments amended. The motion to amend was not filed until the day after the motion to quash had been tried and submitted to the court for decision. The judge, therefore, entertained a doubt as to whether he should then allow the indictments to be amended. He stated to the district attorney that, if he should order the indictments amended, the ruling would only delay the administration of justice and might, in the event of a conviction, cause a reversal of the verdict and sentence. The judge reminded the district attorney that he could, without any trouble or delay whatever, obviate all of the difficulties and delays incident to a questionable ruling in the premises, by filing bills of information against the party accused. If the district attorney had

acted upon the judge's suggestion, he could have proceeded with the trial immediately and without any possibility of being in error. I am not in favor of encouraging the bringing up of appeals which can accomplish nothing except the law's delay and the further clogging of an already congested docket. A public official's pride of opinion is, of course, praiseworthy; but it is not to be held above the prompt and orderly administration of justice. The ruling of the district court in this case did not interfere at all with the right of the district attorney to proceed immediately with the prosecution of the party accused, by filing bills of information, which could have been done with much less trouble than this appeal has given, and without any delay whatever. For that reason, I concur in the decree affirming the ruling.