275 So.2d 760 (1973)
STATE of Louisiana
v.
Joe P. THIGPEN.
No. 53069.
Supreme Court of Louisiana.
March 8, 1973.
Rehearing Denied April 19, 1973.
*761 Paul Henry Kidd, Stephen J. Katz, Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Special Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., John R. Harrison, Asst. Dist. Atty., for plaintiff-appellee.
PER CURIAM.
Defendant, Joe E. Thigpen, was tried before a judge and found guilty of operating a vehicle while intoxicated, and sentenced to pay a fine of three hundred and one dollars ($301.00) and costs, in default of which he must serve sixty days, and 125 days in the Ouachita Parish Jail. La. R.S. 14:98(C). On this appeal, defendant relies upon one bill of exceptions, alleging the trial judge erred in denying his Motion for a Trial by Jury.
Notwithstanding the inadequacy of the defendant's argument, inasmuch as a jury trial is not required when, as here, the maximum sentence does not exceed six months, Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970), State v. Van Blair, 260 La. 133, 255 So.2d 355 (1971), cf. Louisiana State Board of Medical Examiners v. Bates, 258 La. 1049, 249 So.2d 127 (1971), this Court notes, ex proprio motu our trial brother imposed an illegal sentence.
La.R.S. 14:98(C) states the maximum imprisonment for a second conviction of operating a vehicle while intoxicated shall be not more than six months imprisonment. La.C.Cr.P. art. 884, as amended in 1968, states in its pertinent part:
"* * * where the maximum prison sentence which may be imposed as a penalty for a misdemeanor is six months or less, the total period of imprisonment upon conviction of the offense, including imprisonment for default in payment of a fine or costs, shall not exceed six months for that offense."
The sentence violates this provision because, adding the sixty days imprisonment for non-payment of the costs to the 125 days imprisonment for the offense amounting to a total of 185 daysexceeds the six months maximum provided by Article 884.
For the reasons assigned, it is ordered the sentence be set aside and the case remanded to the Fourth Judicial District Court for resentencing in conformity with the law.