CRAIN, Judge.
Defendant, Carter Russell, was charged by bill of information with felony theft in excess of $500.00, a violation of La.R.S. 14:67. A jury convicted him as charged, and he was subsequently sentenced to serve five years at hard labor. He has appealed, alleging six assignments of error, only one of which we find it necessary to consider.
On May 5, 1982, defendant, accompanied by Janice Williams and Thomas Wheeler, went to the office of the McDaniel Management Company (McDaniel) in Baton Rouge, where Williams filled out an application for rental property. While the customers waited in the reception area, a glassed-in porch, Pat Cotteii, one of the resident managers of a complex managed by McDaniel, came in and placed the rent she had collected from the complex on the bookkeeper’s desk. The rent consisted of cash and checks rolled together and fastened with a rubber band. Within a few minutes de *272 fendant left the glass porch (from which the bookkeeper’s desk was visible) and went into the office to ask about some rental property. The bookkeeper pointed out the locations of some of the available properties on a map on the wall of her office. After refusing her offer to write down the street addresses of the apartments, defendant left McDaniel’s office along with Wheeler and Williams, who by that time had completed the application and left a $100 deposit. The bookkeeper immediately looked down at her desk and discovered the roll was missing.
After a thorough search of the office, the police were called. Defendant was arrested and charged with felony theft in the amount of $870.00.
La.R.S. 14:67 defines theft as follows: Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
While “anything of value” can be the subject of a theft, the Louisiana Supreme Court, in State v. Hudgins, 400 So.2d 889, 893 n. 3 (La.1981), has found proof of value to be an essential element of the charge of theft because the penalty provisions are dependent upon the amount taken. See Louisiana Judges’ Bench Book, Vol. II at 121, 222 (1980).
The only evidence in this case tending to prove the element of “value”, consists of the testimony of Carroll Hinton, an employee of McDaniel, and ledger sheets which she compiled in an attempt to establish the amount of money the missing roll contained. In defendant’s third assignment of error he objects to this evidence as inadmissible hearsay because it was established at trial that no one ever actually counted the money. The trial court permitted Carroll Hinton to testify as to the amount taken, and the ledger sheets were introduced at trial based on the “official business records” exception to the hearsay exclusionary rule. We do not find that exception applicable herein, and, accordingly, we find the admission of this evidence to be error on part of the trial court.
THE LEDGERS
The elements comprising the “business records” exception to the hearsay rule were set forth in State v. Monroe, 346 So.2d 1185, 1188 (La.1977) as follows:
Having no statutory formulation of the business records exception, this Court has in previous opinions quoted with approval the following statement of the common law “regular entries in the course of business” exception:
“A permanent record made in the ordinary course of business .. .■ is admissible as proof of the facts recorded....” (footnotes omitted)
There is no need to look at further elements of the business record exception because it is obvious that the ledgers fail to meet the first basic requirement of having been made in the ordinary course of business. The information contained on these ledgers, far from being acquired in the ordinary course of business, is actually an admitted reconstruction of information which was never recorded in the ordinary course of business. According to the testimony, business records of the rent paid ordinarily would have been made by Pat Cotten collecting the rent and bringing it to Carroll Hinton. The rents would be turned over to Joan Waddock whose main job was putting in the rents, registering the rents and making deposits up.
Carroll Hinton admitted in her testimony at trial that she herself had reconstructed the ledger sheets after the fact. She testified that it was Pat Cotten who had collected the rents and placed the bundle of cash and checks on the desk of the bookkeeper. The rents collected by Pat Cotten were never counted or registered.[1] Carroll Hinton later gathered the information to recon *273 struct the records from Pat Cotten and residents of the rental units. Joan Wad-dock made the actual entries on the ledger. Neither Pat Cotten, Joan Waddock, nor any of the tenants were called to testify. Therefore, it is obvious that the ledger sheets were not made in the ordinary course of business and were improperly admitted under the business record exception to the hearsay rule. Binder, Hearsay Handbook, sec. 8.05 (2d Ed.1983); E. Cleary, McCormick’s Handbook of the Law of Evidence, sec. 308 (2d Ed.1972).
CARROLL HINTON’S TESTIMONY
The state argues that if this court should find the records inadmissible, any error resulting was harmless because the documents merely corroborated the oral testimony of Carroll Hinton. We do not find this argument persuasive. Carroll Hinton’s oral testimony was based entirely upon information she received from Pat Cotten and the tenants. Carroll Hinton had no independent knowledge of the information to which she testified. Clearly, her testimony as to the amount of money in the roll was hearsay testimony and totally inadmissible. State v. Juengain, 410 So.2d 1099 (La.1982).
We therefore conclude that the only evidence as to the amount of money taken is inadmissible. That evidence affected substantial rights of the defendant and was prejudicial in that it comprised the sole proof of an essential element of the crime-value. La.C.Cr.P. art. 921. Accordingly, we must reverse the conviction, but we order the matter remanded for a new trial consistent with the views herein expressed. Juengain, 410 So.2d at 1101.
REVERSED AND REMANDED.

. They may possibly have been counted by Pat Cotten but she did not testify.