CRAIN, Judge.
Leotha Floyd was charged by bill of information with one count of purse snatching in violation of La.R.S. 14:65.1. Defendant pled not guilty, waived trial by jury, and was tried by the judge alone. Defendant was found guilty as charged and sentenced to confinement in the custody of the Department of Corrections for a period of three years.
In bringing this appeal, defendant alleges that the trial court erred in denying his motion for a verdict of acquittal as there was insufficient evidence to sustain his conviction.
Trial testimony of Lorraine Bonnette reveals that on the evening of February 2, *639 1983, she stopped at a Baton Rouge bank to withdraw funds from a banking machine. While in the process of completing her transaction, Ms. Bonnette noticed a man, later identified by her as defendant, lurking nearby. As she retreated to her parked car, defendant grabbed her and threatened to kill her if she failed to cooperate. A struggle ensued during which defendant took Ms. Bonnette’s purse, then went to the machine and removed her banking card and the money she had requested. Ms. Bonnette drove her car in pursuit of defendant as he fled on foot. She was aided in her efforts by two passing motorists who succeeded in apprehending and physically restraining defendant until police officers could be summoned. When arrested at the scene, defendant had three ten dollar bills and a banking receipt form, bearing Ms. Bonnette’s banking identification number, in his possession.
La.C.Cr.P. art. 778 provides that in a trial before a judge alone, the court shall enter a judgment of acquittal if the evidence is insufficient to sustain a conviction. The applicable standard for reviewing sufficiency is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the essential elements of the crime were proven beyond a reasonable doubt. See, La.C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983).
The instant offense is defined by La.R.S. 14:65.1, which provides:
A. Purse snatching is the theft of anything of value contained within a purse or wallet at the time of the theft, from the person of another or which is in the immediate control of another, by use of force, intimidation, or by snatching, but not armed with a dangerous weapon.
In brief, defendant urges that the evidence introduced at trial was insufficient to establish that “anything of value contained within a purse” was stolen by defendant.[1] We disagree.
Although much emphasis at trial related to rempval of the victim’s banking card and cash withdrawn from the banking machine, the trial judge properly ruled that theft of those particular items did not fall within the scope of purse snatching.
However, Ms. Bonnette’s testimony did provide direct evidence which is sufficient to prove that when her purse was forcibly removed from her immediate control by defendant it contained various items. See, State v. Norman, 448 So.2d 246 (La.App. 1st Cir.1984), reversed in part on other grounds, 452 So.2d 1178 (La.1984). In pertinent part, Ms. Bonnette testified that defendant had possession of her purse as he fled and that “the contents [of her purse] were all down the street”. She also noted that she “recovered everything mostly out of [her] purse and pieces out of the street” after defendant was arrested.
In oral reasons for judgment, the trial judge credited the testimony of Ms. Bon-nette in finding that her purse was taken from her immediate control by defendant and that the purse did contain some items which were either abandoned or inadvertently dropped by defendant in his flight from the scene.
Unlike the offense of theft, where penalty provisions are dependent upon the amount taken, proof of particular value is not an essential element of purse snatching. La.R.S. 14:65.1; See, State v. Russell, 444 So.2d 271 (La.App. 1st Cir.1983).
The term “anything of value” is interpreted by La.R.S. 14:2(2), which provides that:
‘Anything of value’ must be given the broadest possible construction, including *640 any conceivable thing of the slightest value, movable or immovable, corporeal or incorporeal, public or private, and including transportation, telephone and telegraph services, or any other service available for hire. It must be construed in the broad popular sense of the phrase, not necessarily as synonymous with traditional legal term ‘property’ ...
The trial judge properly dismissed as unreasonable the hypothesis that the unidentified contents of the victim’s purse, taken by her assailant under circumstances where the victim fought to retain possession, were not within the scope of this broad definition.
For the foregoing reasons, this assignment of error is without merit.
AFFIRMED.

. After the state had rested, defense counsel moved for a judgment of acquittal based particularly upon an alleged lack of evidence that anything was lost from the purse itself. After denial of that motion, defendant was called to testify. Defendant admitted his presence in the vicinity, but denied that he was the perpetrator of the instant offense or that any evidence linking him to the victim’s banking transaction was found in his possession when arrested by the police. Defendant's identity as the perpetrator was overwhelmingly established by the trial testimony of the victim and the two passing motorists who assisted in apprehension of defendant.