509 So.2d 176 (1987)
STATE of Louisiana
v.
Sun Lake BASS.
No. KW 86 1690.
Court of Appeal of Louisiana, First Circuit.
May 27, 1987.
Houston Gascon, III, Dist. Atty., Michael E. Parks, Asst. Dist. Atty., for the State.
C. Jerome D'Aquila, New Roads, for defendant-appellant.
Before GROVER L. COVINGTON, C.J., and LANIER and ALFORD, JJ.
LANIER, Judge.
The defendant, Sun Lake Bass, was charged by a bill of information with simple criminal damage to property, in violation of La.R.S. 14:56. He pled not guilty and, after a trial by judge, was found guilty. He was sentenced to serve six months in jail, provided upon serving thirty days in jail, the balance was suspended and he was placed on supervised probation for a period of one year with the special conditions that (1) he pay $10 per month cost of supervision and (2) he make restitution for the damage within ninety days of his release from jail. The defendant applied to this court for a supervisory writ, and we granted a writ of review.

FACTS
The bill of information charges that the defendant on July 18, 1986, in Pointe Coupee Parish, Louisiana, "did commit simple damage to property by means other than fire or explosion by damage to the hood and windshield of a car, belonging to Brenda K. Goode, in violation of R.S. 14:56."

PATENT ERROR IN BILL OF INFORMATION[1] FOR FAILURE TO ALLEGE AMOUNT OF DAMAGES
In reviewing the application for the supervisory writ herein, we noted that the bill of information did not allege the amount of damage to the victim's car. We cited this as a potential patent, reversible error and requested briefs from the parties on this issue.
An accused in a criminal prosecution has a right to be informed of the nature and cause of the accusation against him. La. Const. of 1974, art. I, § 13. This constitutional provision was construed in State v. Comeaux, 408 So.2d 1099, 1106 (La.1981) as follows:
Under this general mandate this court has determined that an affidavit, bill of information or indictment must be clearly and concisely stated. It must contain all the elements of the crime intended to be charged in sufficient particularity to enable the defendant to prepare for trial, to allow the court to determine the propriety of the evidence which is submitted *177 upon the trial, to impose the correct punishment on a verdict of guilty, and finally to afford the defendant protection from subsequent prosecutions for the same offense.
[Emphasis added.]
The specific (short) form for charging simple criminal damage to property in a bill of information is set forth in La.C.Cr.P. art. 465(A)(19) as follows:
Simple Criminal Damage to Property A.B. committed simple criminal damage to ______ (state the property damaged) with the damage amounting to ______ dollars.
The bill of information herein does not utilize this statutorily authorized form because it does not allege the amount of damage to the car.[2] Therefore, we must review the charge in the information pursuant to the requirements for a "long" form information. La.C.Cr.P. art. 464 requires that such an information "shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged."
Simple criminal damage to property is defined in La.R.S. 14:56 as follows:
A. Simple criminal damage to property is the intentional damaging of any property of another, without the consent of the owner, and except as provided in R.S. 14:55, by any means other than fire or explosion.
B. Whoever commits the crime of simple criminal damage to property, where the damage is less than five hundred dollars, shall be fined not more than five hundred dollars, or imprisoned for not more than six months, or both.
Where the damage amounts to five hundred dollars but less than fifty thousand dollars, the offender shall be fined not more than one thousand dollars, or imprisoned, with or without hard labor, for not more than two years, or both.
Where the damage amounts to fifty thousand dollars or more, the offender shall be fined not more than ten thousand dollars, or imprisoned with or without hard labor for not less than one nor more than ten years, or both.
La.C.Cr.P. art. 470 provides as follows:
Value, price, or amount of damage need not be alleged in the indictment, unless such allegation is essential to charge or determine the grade of the offense.

[Emphasis added.]
The official revision comment for La.C. Cr.P. art. 470 provides, in pertinent part, as follows:
Art. 234 of the 1928 Louisiana Code, similar to this article, dispensed with any allegation of value, price, or damage done where it was not of the essence of the offense. Because some crimes, such as simple arson and theft, are graded according to damage done or value, this article requires an allegation thereof where necessary to charge or determine the grade of the offense.

[Emphasis added.]
In State v. Young, 469 So.2d 1014 (La.App. 1st Cir.1985), the defendant was indicted for, among other things, theft of a pistol for which no value was alleged. On appeal, this court noted that failure to allege in the indictment the value of the item stolen was patent error, and we vacated the conviction and sentence with the following rationale:
The theft statute, LSA-R.S. 14:67, provides for graduated penalties in the event of conviction. See State v. O'Quinn, 342 So.2d 202 (La.1977). The penalty depends on the value of the object stolen. State in Interest of Batiste, 359 So.2d 1077 (La.App. 3rd Cir.1978), aff'd 367 So.2d 784 (La.1979). The value of the thing taken is an essential element of the crime of theft. State v. Russell, 444 So.2d 271 (La.App. 1st Cir.1983). The indictment, therefore, is defective in failing to allege a monetary valuation of the pistol.

*178 If the sufficiency of an indictment or information is not questioned at the trial, the pleading must be held to be sufficient unless it is so defective that it does not, by any reasonable construction, set forth an identifiable offense against the laws of this state and inform the defendant of the statutory basis of the offense. State v. Storms, 406 So.2d 135 (La.1981). The absence of an allegation of the value of the pistol prevents the indictment herein from identifying the grade of the offense charged and the punishment applicable thereto. The indictment is fatally defective and can not serve as the basis of a valid prosecution.
Young, 469 So.2d at 1021.
See also State v. Wilson, 150 La. 873, 91 So. 249 (1922).[3] Simple criminal damage to property is an offense for which the authorized sentence is graded according to the amount of damage. It is analogous to theft for which the authorized sentence is graded according to the value of the thing taken. For theft and simple criminal damage to property, the value of the thing or the amount of damage controls whether the offense is a felony or a misdemeanor, whether the defendant is entitled to a jury trial, and what is the maximum authorized punishment. Further, whether this case is triable by jury controls whether this court has appellate jurisdiction or only supervisory jurisdiction over it. La. Const. of 1974, art. V, § 10(A); La.C.Cr.P. art. 912.1. Thus, an allegation of value is essential to properly charge simple criminal damage to property.[4]
Because the bill of information is invalid, the defendant may be retried for the offense. La.C.Cr.P. art. 595; State v. Ruple, 437 So.2d 873 (La.App. 2nd Cir. 1983). For this reason, this case will be remanded to the trial court for further proceedings. However, if the State elects to proceed, it may take no further steps in the prosecution of this case unless it first amends the information to properly allege an offense. La.C.Cr.P. art. 487. If the State fails to amend, the defendant may move the trial court to quash the bill of information. La.C.Cr.P. art. 532.

DECREE
For the foregoing reasons, the conviction and sentence are reversed, and this case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] The defendant sought this writ of review assigning as error, essentially, the insufficiency of the evidence and the excessiveness of the sentence.
[2] During the trial, Brenda Goode testified the damage to her car was $578. The defendant objected to this statement on the ground that Goode was not qualified to give it. The State instructed Goode not to say any money amounts. The trial court did not rule on the objection. There is no other testimony in the record on the value of the amount of damages.
[3] We distinguish City of Baton Rouge v. Norman, 290 So.2d 865 (La.1974) from the instant case because the theft ordinance therein only proscribed one grade of the offense of theft.
[4] We distinguish the cases of State v. Griffin, 495 So.2d 1306 (La.1986), State v. Gainey, 376 So.2d 1240 (La.1979) and State v. Randolph, 334 So.2d 687 (La.1976) from the instant case because those cases involved elements of the crime which showed the manner in which the offenses were committed and did not control the grade of the offense for purposes of punishment, jury trial and appellate jurisdiction.