528 So.2d 599 (1988)
STATE of Louisiana, Appellee,
v.
Harold AINSWORTH, Appellant.
No. 19529-KA.
Court of Appeal of Louisiana, Second Circuit.
May 4, 1988.
*600 James D. Sparks, Jr., Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., James Allen Norris, Jr., Dist. Atty., Monroe, John Spires, Asst. Dist. Atty., Bastrop, for appellee.
Before MARVIN, FRED W. JONES, Jr. and NORRIS, JJ.
NORRIS, Judge.
The defendant, Harold Ainsworth, was charged by bill of information with the joined offenses of unauthorized use of a movable worth over $500 and conspiracy to commit theft by unauthorized use of a movable. LSA-R.S. 14:68, 14:26, 67.3. He pled guilty to unauthorized use of a movable worth under $1,000 and to conspiracy to commit misdemeanor theft. The district court sentenced him to consecutive terms of six and three months on the respective charges. Ainsworth now appeals, urging only that the sentences are constitutionally excessive; the state has filed a brief only on the issue of excessiveness. Because the offenses pleaded to were not triable by jury, we have treated this appeal as a writ application. LSA-Const. art. 5 § 10(A); LSA-C.Cr.P. art. 912.1 C; State v. Romano, 320 So.2d 167 (La.1975). Our review of the record reveals error patent, meriting reversal. We therefore grant the writ with an order.
Count One charged Ainsworth with unauthorized use of a movable "to-wit: an access card, which belonged to Naylor Industries, without the consent of the said Naylor Industries, valued at over $500, contrary to the provisions of R.S. 14:68." The cited statute, R.S. 14:68, unlike its companion statute for theft, R.S. 14:67, does not recognize $500 as the threshold between middle and top grades of the offense; for unauthorized use, the threshold between lower and upper grade is $1,000. Thus the bill of information, alleging a value of only "over $500," is not clear as to the true grade of the offense. A sum "over $500" may be more or less than $1,000, and therefore may be lower or upper grade. Another statute, LSA-R.S. 14:67.3 E, values an access card at less than $100, but this is clearly contrary to the allegation in the bill. We cannot determine the grade of the offense charged. LSA-Const. art. 1 § 13.
Count Two charged Ainsworth with conspiring, with two named associates, "to commit theft by unauthorized use of an access card, contrary to the provisions of R.S. 14:26 and R.S. 14:67.3." The cited statute, R.S. 14:67.3, specifically refers to the theft statute, R.S. 14:67, for the grade of the offense. The instant charge, however, contains absolutely no reference to the aggregate value of "credit, money, goods, services or anything else of value obtained," even though this is essential "in determining the penalty under R.S. 14:67." The charge therefore fails not only to provide adequate constitutional notice as cited above, but contravenes a special codal provision mandating an allegation of the value when it is "essential to charge or determine the grade of the offense." LSA-C.Cr.P. art. 470.
This flaw is crucial and undermines a conviction. See State v. Young, 469 So. 2d 1014 (La.App. 1st Cir.1985); State v. Bass, 509 So.2d 176 (La.App. 1st Cir.1987); State v. Wilson, 150 La. 873, 91 So. 249 (1922); 42 C.J.S. Indictments and Informations, § 143b.
We are aware that minor, technical deficiencies in a bill of information are not necessarily grounds for reversal absent objection prior to verdict. See State v. James, 305 So.2d 514 (La.1974), in which Justice Tate, as the organ for the supreme court, held:
[W]here in fact an accused has been fairly informed of the charge against him by the indictment and has not been prejudiced by surprise or lack of notice, the technical sufficiency of the indictment may not be questioned where, as here, no objection was raised to it prior to the verdict and where, without unfairness, the accused may be protected against further prosecution for any offense or *601 offenses charged by it through examination of the pleadings and the evidence in the instant prosecution. 305 So.2d at 516-517.
In James, the defendant was indicted for armed robbery of a place of business, not of a person, as required by LSA-R.S. 14:64. The supreme court reasoned that notice was sufficient and the defendant was protected from subsequent prosecution under double jeopardy. The court implied that not all indictments would be subject to curative interpretation. 305 So.2d at 517.
In the instant case, we find the defects are substantial and not subject to State v. James approach. The grade of offense affects the sentencing exposure. State v. O'Quinn, 342 So.2d 202 (La.1977). The penalty depends on the value of the object stolen. State in Interest of Batiste, 359 So.2d 1077 (La.App. 3d Cir.1978), affirmed 367 So.2d 784 (La.1979). It also affects the mode of trial; for misdemeanor grades of theft or unauthorized use, a jury would not have been available. LSA-C.Cr.P. art. 779; State v. Bass, supra. The lack of notice as to sentencing exposure and availability of trial by jury might seriously undermine the voluntariness of the guilty plea.
Underlying the whole situation is the constitutional mandate that the defendant be informed of the nature and cause of the accusation. Ainsworth was billed in such a way that he could not have precisely known what he was charged with, and was perhaps encouraged to enter misdemeanor pleas to escape possible felony convictions when in fact the proper charges may have been misdemeanor grade from the outset. A guilty plea does not waive jurisdictional defects that are patent on the face of the record. State v. Crosby, 338 So.2d 584 (La.1976). The instant defects are of this nature and were not cured by Ainsworth's guilty plea.
The final factor cited by Justice Tate, double jeopardy, is not wholly persuasive in this case. The instant bill, despite its defects, might protect Ainsworth from further prosecution on some grade of unauthorized use and conspiracy to commit theft, but it equally well might not. In this respect, we distinguish State v. James: there is only one grade of armed robbery, and the facts were sufficiently alleged. Here the facts were not. The bill does not allege which access card was used, or how much property was taken, and the Boykin and sentencing colloquies offer precious little assistance, although the judge did refer to "eighteen thousand dollars [as] a tremendous amount of money." R. p. 30. These are not specific enough allegations to assure us of the protection of double jeopardy, and we will not uphold this bill. When a defendant is charged with an unspecified grade of offense, is induced to plead to the lowest grade as an alleged benefit, and is sentenced as though he received a benefit, the situation is not one "without unfairness," and the prospect of double jeopardy's protection is not enough to cure the situation.
For these reasons, the conviction based on this bill of information must be reversed. State v. Young, supra. The state retains the right to press new charges against Ainsworth based on the same alleged acts, or to amend the defective bill. LSA-C.Cr.P. arts. 595, 487 B; State v. Bass, supra. An order will be issued accordingly. If the state fails to amend, the defendant may move the trial court to quash the bill. LSA-C.Cr.P. art. 532.
We finally note that the instant charges, if they are both assumed to have been for misdemeanor offenses, could not have yielded a sentence in excess of six months. LSA-C.Cr.P. art. 493.1. The sentence previously imposed was patently excessive and would have been subject to reduction or to remand for resentencing. The same restriction will apply to any subsequent sentencing if misdemeanors are jointly billed.

ORDER
WRIT GRANTED. Because of defects in the bill of information, Case No. 87-95A, Parish of Morehouse, is reversed and remanded. The District Attorney may file new charges or amend the existing bill.
SO ORDERED.