JiDOUCET, Chief Judge.
The defendant, Sidney John Breaux, Sr., appeals his conviction for simple criminal damage to property between $500.00 and $50,000.00.
On December 28, 1995, the defendant drove his truck into his ex-wife’s house. The defendant claims his brakes failed. His ex-wife, Sharal Breaux, claims the defendant told her to leave the house with the occupants before he drove through it with a propane tank in the back of his truck.
Because of this incident, Breaux was charged by bill of information with aggravated criminal damage to property, a violation of La.R.S. 14:55. On February 27, 1996, he appeared before the court. At that time, he was arraigned and entered a plea of not guilty to the charge. The state filed an amended bill of information on [ 2 June 4,1996, in which the words, “that property belonging to another and with damage amounting to _dollars, property being damaged, to-wit: A HOUSE, being the property of SHARAL A.B. BREAUX” were added. On June 5, 1996, he was found guilty of simple criminal damage to property where the damage amounted to $500.00 or more, but less than $50,000.00. He waived the delays for sentencing. He was sentenced to serve two years at hard labor to run concurrently with another sentence. Breaux filed a Motion & Order to Reconsider Sentence/Conviction on June 13, 1996. The trial judge denied the motion on June 19, 1996. Breaux now appeals his conviction.
DEFECTIVE BILL OF INFORMATION
In reviewing the record for errors patent as required by La.Code CrimiP. art. 920, this court has noticed a defect in the bill of information by which the defendant was charged. It does not state the amount of the damage to property allegedly inflicted by the defendant. An allegation of value is essential to a charge of aggravated or simple criminal damage to property. Without this allegation the bill of information is invalid. La.Code Crim.P. art. 470; State v. Bass, 509 So.2d 176 (La.App. 1 Cir.1987). Accordingly, defendant’s conviction must be reversed, and his sentence set aside.
We will remand the case to the trial court for further proceedings. The state may amend the bill of information to properly charge an offense. However, the defendant, having already been found guilty of a lesser included offense, may not be retried on a charge of aggravated damage to property. To do so would be to expose him to double jeopardy. Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). |3Therefore, the greatest charge with which . Breaux may be recharged is simple criminal damage to property valued between $500.00 and $50,000.00.
Having so found, we need not consider the defendant’s assignments of error on appeal.
CONCLUSION
The defendant’s conviction of simple criminal damage to property valued between $500 and $50,000.00 is reversed. His sentence is set aside- We remand the case to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED.