# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


**03-1589**


**STATE OF LOUISIANA**


**VERSUS**


**PAUL OLIVIER**

**********
APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 02-890
HONORABLE KEITH R. J. COMEAUX, PRESIDING
**********

**SYLVIA R. COOKS
JUDGE**

**********

Court composed of Sylvia R. Cooks, Billie Columbaro Woodard and Marc T. Amy, Judges.

**REVERSED AND REMANDED.**

Renee M. Louviere
Assistant District Attorney
St. Mary Parish Courthouse
Franklin, LA  70538
(337) 828-4100
COUNSEL FOR APPELLEE:
    State of Louisiana

Lynden J. Burton
1407 Main Street
Jeanerette, LA  70544
(337) 276-7888
COUNSEL FOR DEFENDANT/APPELLANT:
    Paul Olivier

**COOKS, Judge.**

Defendant, Paul Olivier, appeals his conviction and sentence for misapplication of funds by a contractor, in violation of La.R.S. 14:202. For the following reasons, we reverse Defendant's conviction and set aside the sentence.

## FACTS AND PROCEDURAL HISTORY

Michelle and Rodney Provost entered into a contract with the Defendant, Paul Olivier, to construct their home. The Provosts deposited money into a checking account maintained by Olivier Building Contractors. Defendant was to pay for necessary labor and materials with those funds; however, he failed to use the funds for their intended purpose.

Defendant was charged by bill of information with two counts of misapplication of funds by a contractor, a violation of La.R.S. 14:202. Defendant entered a plea of not guilty to both charges. Count two of the bill of information was dismissed and the Defendant went to trial on the one remaining count. The jury returned a verdict of guilty of misapplication of payments by a contractor in the amount of fifty-nine thousand dollars. Defendant was sentenced to serve five years at hard labor, all but one year suspended, and was placed on five years supervised probation with numerous special conditions. A Motion to Reconsider Sentence was filed and denied by the trial court. This appeal followed. Defendant contends the trial court erred in imposing a constitutionally excessive sentence.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there is an error patent which requires that we reverse Defendant's conviction and set aside his sentence.

There is a defect in the bill of information by which Defendant was charged.

-1-

La.R.S. 14:202 provides, in pertinent part:

> A. No person, contractor, subcontractor, or agent of a contractor or subcontractor, who has received money on account of a contract for the construction, erection, or repair of a building, structure, or other improvement, including contracts and mortgages for interim financing, shall knowingly fail to apply the money received as necessary to settle claims for material and labor due for the construction or under the contract.

The penalties for a violation of La.R.S. 14:202 are as follows:

> B. When the amount misapplied is one thousand dollars or less, whoever violates the provisions of this Section shall be fined not less than one hundred dollars nor more than five hundred dollars, or imprisoned for not less than ninety days nor more than six months, or both.

> C. When the amount misapplied is greater than one thousand dollars, whoever violates this Section shall be fined not less than one hundred dollars nor more than five hundred dollars, or imprisoned with or without hard labor for not less than ninety days nor more than six months, or both, for each one thousand dollars in misapplied funds, provided that the aggregate imprisonment shall not exceed five years.

Accordingly, the penalty for a violation of La.R.S. 14:202 is determined based on the total amount misapplied. The bill of information in the case at bar does not specify whether the Defendant was charged under section (B) or (C) of La.R.S. 14:202. Although value was discussed at trial and the jury returned a verdict finding a specific value, the bill of information did not properly charge the grade of the offense.

Pursuant to La.Code Crim.P. art. 470, "[v]alue, price, or amount of damage need not be alleged in the indictment, unless such allegation is essential to charge or determine the grade of the offense." While La.Code Crim.P. art. 470 does not require that an indictment include a *specific* monetary value, the allegations in the indictment must be sufficient to determine the grade of the offense. Also, the amount misapplied is determinative of whether a defendant is entitled to a jury trial and whether this court has appellate jurisdiction or only supervisory jurisdiction over the matter. *See State v. Bass*, 509 So.2d 176 (La.App. 1 Cir 1987).

In *State v. Breaux*, 96-1516 (La.App. 3 Cir. 4/30/97), 693 So.2d 326, the defendant was charged by bill of information with aggravated criminal damage to property and was found guilty of simple criminal damage to property where the damage amounted to five hundred dollars or more but less than fifty thousand dollars. The bill of information failed to set forth the amount of damage inflicted by the defendant. This court held the bill was invalid and reversed the defendant's conviction. The matter was remanded to the trial court for further proceedings and the state was allowed to amend the bill of information to properly charge an offense. *See also State v. Whatley*, 03-655 (La.App. 3 Cir. 11/5/03), 858 So.2d 751. In *State in the Interest of A.P.*, 02-1030 (La.App. 3 Cir. 2/5/03), 838 So.2d 97, the juvenile was charged with theft of goods. The petition failed to establish the value of the items taken and the record contained no evidence of the value of the items although the testimony revealed the items at issue were two CDs. This court held that failure to set forth the value in the bill of information caused it to be invalid and reversed the adjudication of delinquency and order of commitment, discharged the defendant, and dismissed the state's petition.

The above cited cases involve theft and simple criminal damage to property; however, they can be analogized to the present offense since all are graded offenses. Based on La.Code Crim.P. art. 470 and the above cited cases, we find the bill of information in the case at bar is invalid. Therefore, Defendant's conviction is reversed and his sentence set aside. The case is remanded to allow the State the opportunity to amend the bill to properly charge an offense. *See Breaux*, 693 So.2d 326; *Whatley*, 858 So.2d 751; *Bass*, 509 So.2d 176.

All other errors patent and Defendant's assignment of error are rendered moot by our decision and need not be addressed.

**DECREE**

For the foregoing reasons, the bill of information is invalid. Defendant's conviction is reversed, his sentence set aside, and the matter remanded for proceedings in accordance with the opinion.

**REVERSED AND REMANDED.**