BONIN,. J.,
concurs with reasons.
U concur in the majority opinion.' I write separately, however, to further explain the basis for exercising our appellate jurisdiction in this particular case in which the defendant was charged with a felony but only convicted of a misdemeanor.
The original provisions of the Louisiana Constitution of 1974 vested the Supreme Court with exclusive criminal appellate jurisdiction in cases where “a law or ordinance has been declared unconstitutional” or'where “[t]he defendant has been convicted of a felony or a fine exceeding five hundred dollars, or imprisonment exceeding six months actually has been imposed.” La. Const. (1974), art. V, § 5(D)(2). Thus, a conviction for any- felony, including, of course those in which the sentence of death was imposed, was directly appeal-able to the Supreme Court. An appeal of a misdemeanor conviction,, however, was determined by reference to the sentence actually imposed.
In 1980, in response to an increasingly unmanageable criminal-docket workload in the Supreme Court,[1] the constitution was *995 amended to limit direct |2criminal appeals to the Supreme Court to those cases' involving the actual imposition of the death penalty, or to rulings declaring a statute unconstitutional. See La. Const. art. V, § 5(D), The amendments further provided the intermediate appellate courts with appellate jurisdiction over “all criminal cases triable by jury, except as provided in Section 5, Paragraph (D)(2) of this Article [provision governing the Supreme Court’s appellate jurisdiction in cases where the death penalty was actually imposed].” La.' Const. art. V, § 10(A)(3) (emphasis added). See also 1980 La. Acts 843.[2] To be eligible for a trial by jury, a defendánt must be faced with imprisonment for more than six months and/or a fine exceeding $1000. See La. C.Cr.P. art. 779 A.[3]
The unmistakable change in language— substituting “triable by jury” for the references to felony convictions, fines actually exceeding $500, or sentences actually exceeding six months — raises the question of whether the legislature intended to merely carve out the existing criminal appellate jurisdiction of the Supreme Court and transfer it to appellate courts, or whether the amendments transferred and expanded appellate jurisdiction. '
Interpretation of the phrase “triable by jury” has led to circuit splits on the issue of jurisdiction. See State v. Flowers, 11-0376 (La.App. 5 Cir. 12/13/11),’ 81 So.3d 910 (2011) (finding that defendant charged with a felony but convicted of a misdemeanor did not have a right of appeal because he “was found guilty of an offense not triable by jury”); State v. Wolfe, 98-1853 (La.App. 1 Cir. 5/18/99), 740 So.2d 701 (finding that’defendant had a right of appeal because “[although her conviction is for a misdemeanor offense, the actual charge in the case involves' a felony, an offense triable by jury.”); State v. Ainsworth, 528 So.2d 599 (La.App. 2 Cir.1988) (although charged with felonies, because defendant pled guilty to offenses not triable by jury, court found he had no right of appeal). The Louisiana Supreme Court has not specifically addressed this issue, but its jurisprudence suggests that if the charged offense exposes a defendant to more than six months imprisonment, he is entitled to a jury trial and therefore appellate review. See State v. Barr, 00-1787 (La.3/9/01), 781 So.2d 1249 (per curiam). Logically ‘then,’ whether a' case is “triable by jury” and thus appealable, is a pre-trial determination based on the offense charged. See also n. 3, supra.
I find, therefore, that as a result of the 1980 amendments, criminal appellate jurisdiction for intermediate appellate courts was intended to be broader than the criminal appellate jurisdiction originally provided to the Supreme Court in 1974, specifically- with regard to review of misdemeanors. The Supreme' Court’s jurisdiction before the effective date of the amendments was limited to felony convictions and to cases where a fine over $500 or a sentence over , six months was actual *996 ly imposed. This effectively precluded appellate review of misdemeanor convictions (even conceivably barring review in cases where the defendant may have been charged with a felony, tried by a jury, and convicted of a misdemeanor responsive to the offense).
Current intermediate appellate jurisdiction extends to all criminal cases eligible for trial by jury based on the charged offense- (except those directly appealable to the Supreme. Court), notwithstanding the actual conviction or sentence imposed. Notably, this allows appellate review of all misdemeanor convictions, including those which may have been responsive verdicts, so long as the defendant was charged with an offense triable by jury, I .whether felony or misdemeanor.[4] See, e.g., La. C.Cr.P. art. 14:40.8 0 (misdemeanor conviction for cyberstalking carries maximum of one year imprisonment); La. C.Cr.P. art. 14:40.2 B(l)(a) (misdemeanor conviction for stalking carries penalty of up to one year). Although this is a marked change in pre-amendment criminal appellate jurisdiction, the if-triable-by-jury-then-appeal rule is the most straightforward and reasonable interpretation of the current jurisdictional provisions.[5]
Ms. Gaubert was charged with the of-fensé of false swearing for the purposes of violating public health’ or safety, a felony under the provisions of La. C.Cr.P. art. 14:126.1, She was convicted, however, of the responsive verdict of criminal mischief under La. C.Cr.P. art. 14:69, which is a misdemeanor. The actual sentence imposed did not exceed six months, nor did the fíne exceed $1000. Nevertheless, because the charged offense carried a possible sentencing exposure of one to five years, see La. C.Cr.P. art. 14:126,1 B, Ms. Gaubert’s ease was triable by jury. Accordingly, w© have appellate jurisdiction in this case and Ms. Gaubert’s appeal is properly before us.

. See, e.g., James L. Dennis, Use of Our Courts of Appeal for Speedier Criminal Justice, 28 La.B.J. 39 (1980) (discussing overload of criminal cases in the Supreme Court); see also Committee to Study Appellate Caseloads and Procedures (1977) (appointed by the Su *995 preme Court in anticipation of reformation of appellate structure and jurisdiction),

. Additionally, in conjunction with the 1980 constitutional amendments, the legislature amended La. C.Cr.P. art. 912.1 (Right of appeal and application for review; defendant). See 1980 La. Acts 516.

. The statute’s enactment came as an apparent result of rulings from the United States Supreme Court, holding that defendants facing penalties exceeding six months should be afforded a jury trial, even if the charge is classified as a misdemeanor. See Duncan v. Louisiana, 391 U.S. 145, 159, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); Baldwin v. New York, 399 U.S. 66, 69, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970) (plurality); see also State v. Thigpen, 275 So.2d 760 (La. 1973) (per curiam).

. Because we determine appellate jurisdiction on the basis of whether a charged offense is triable by jury, and not whether it is a misdemeanor or a felony, I note that the majority opinion may be'misleading in its • statement that there is "no right of appeal from a misdemeanor conviction.”

. This view is bolstered by a review of the senate .committee hearing minutes from 1980, revealing that the legislature specifically intended to remove language relating to a ielo- " ny conviction, a fine exceeding five hundred dollars, or imprisonment exceeding six months. The stated reason for replacing the prior provisions with the language "triable by jury” was to have a "bare-bone-constitution” so that the legislature could provide for jurisdiction as the need arose without re-amending the constitution. See Senate Committee on Judiciary, Senate Bill 86 (1980 Regular Session). ’